JEFFREY P. FUCHSMAN, SBN 105651
jfuchsman@brgslaw.com
STEPHANIE B. KANTOR, SBN 272421
skantor@brgslaw.com
BALLARD ROSENBERG GOLPER & SAVITT, LLP
15760 Ventura Blvd., Eighteenth Floor
Encino, California 91436
Telephone:  (818) 508-3700
Facsimile:   (818) 506-4827

Attorneys for Defendants LEIDOS
ENGINEERING, LLC and LEIDOS
ENGINEERING & SCIENCES, LLC

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| CHRISTINA ROCHA,<br><br>                    Plaintiff,<br><br>          vs.<br><br>LEIDOS ENGINEERING, LLC;<br>LEIDOS ENGINEERING &<br>SCIENCES, LLC; and DOES 1 through<br>100, Inclusive,<br><br>                    Defendants. | Case No.<br><br>[Ventura County Superior Court Case<br>No. 56-2019-00531709-CU-WT-VTA]<br><br>**NOTICE OF REMOVAL;<br>MEMORANDUM OF POINTS AND<br>AUTHORITIES; DECLARATIONS<br>OF RAMUNE KLIGYS AND<br>LISA VASQUEZ** |

Defendants LEIDOS ENGINEERING, LLC and LEIDOS ENGINEERING & SCIENCES, LLC (collectively "Defendants") state as follows:

1.       On August 9, 2019, Plaintiff CHRISTINA ROCHA ("Plaintiff") filed her Complaint in the above-entitled civil action in the Superior Court for the State of California, County of Ventura, Case No. 56-2019-00531709-CU-WT-VTA, which is presently pending against Defendants ("Superior Court Action").

2.       Defendants were served with the Superior Court Action on September 5, 2019, when their agent for service of process received a copy of the Summons and Complaint. True and correct copies of the Summons and Complaint served on Defendants are attached as **Exhibit A**.

BALLARD ROSENBERG GOLPER & SAVITT, LLP
15760 VENTURA BOULEVARD, EIGHTEENTH FLOOR
ENCINO, CALIFORNIA 91436

641880.1

1

BALLARD ROSENBERG GOLPER & SAVITT, LLP
15760 VENTURA BOULEVARD, EIGHTEENTH FLOOR
ENCINO, CALIFORNIA 91436

3.     Defendants filed their Answer to the Superior Court Action on September 24, 2019. A true and correct copy of the Answer filed by Defendants in the Superior Court Action is attached as **Exhibit B**.

4.     In addition to the Summons, Complaint, and Answer, the following documents have also been filed in the Superior Court Action: Notice of Case Assignment and Mandatory Appearance, and Civil Cover Sheet. True and correct copies of these documents are attached as **Exhibit C**.

5.     Defendants are informed and believe that none of the purported Doe Defendants have been served with the Summons and Complaint.

6.     The Summons and Complaint filed by Plaintiff (**Exhibit A**), the Answer filed by Defendants (**Exhibit B**), and the Notice of Case Assignment And Mandatory Appearance, and Civil Cover Sheet (**Exhibit C**) constitute all of the process, pleadings and orders which Defendants have knowledge of being filed in the Superior Court Action.

7.     Plaintiff's Superior Court Action is a civil action over which this District Court has original subject matter jurisdiction under 28 U.S.C. § 1331, and Art. I, § 8, cl. 17 of the U.S. Constitution based on a federal question because Plaintiff was employed at the Naval Base Ventura County in Port Hueneme, California, a federal enclave, and her state law claims are barred by the federal enclave doctrine. (Vasquez Decl., ¶ 2; Exhibit A to Complaint.)  (*Durham v. Lockheed Martin Corp.*, 445 F.3d 1247, 1250 ["Federal courts have federal question jurisdiction over tort claims that arise on 'federal enclaves.'"]; *Taylor v. Lockheed Martin Corp.*, 78 Cal.App.4th 472, 482-486 (2000) [state law FEHA claims that did not exist at the time the state ceded power to the federal government are barred by the federal enclave doctrine]; *McMullen v. Southern California Edison*, 2008 U.S. Dist. LEXIS 95635, *23-25 (C.D. Cal. 2008) [same].) To the extent the Superior Court Action asserts claims that are not subject to the federal enclave doctrine, this District Court has jurisdiction over

1  such claims pursuant to 28 U.S.C. §§ 1367, 1441(c), and the doctrine of supplemental
2  jurisdiction.

3       8.     Plaintiff's Superior Court Action is a civil action over which this District
4  Court also has original subject matter jurisdiction under 28 U.S.C. § 1441(b) based
5  upon complete diversity of citizenship, and an amount in controversy between the
6  parties exceeding the sum of $75,000, exclusive of interest and costs. The action may
7  also properly be removed to this Court by Defendants pursuant to 28 U.S.C. § 1441(b)
8  because:

9       a.     At the time of the commencement of this action and at all times since,
10  Defendant LEIDOS ENGINEERING, LLC was, and continues to be, a
11  limited liability company under the laws of the State of Delaware, with
12  its principal place of business in Reston, Virginia.  The sole member of
13  Defendant LEIDOS ENGINEERING, LLC is R.W. Beck Group, Inc.
14  R.W. Beck Group, Inc. is a Washington corporation, with its principal
15  place of business in Reston, Virginia. (Kligys Declaration, ¶ 2.)

16       b.     At the commencement of this action and at all times since, Defendant
17  LEIDOS ENGINEERING & SCIENCES, LLC was, and continues to be,
18  a limited liability company under the laws of the State of Texas, with its
19  principal place of business in Reston, Virginia. The sole member of
20  Defendant LEIDOS ENGINEERING & SCIENCES, LLC is Leidos,
21  Inc. Leidos, Inc. is a Delaware corporation, with its principal place of
22  business in Reston, Virginia. (Kligys Declaration, ¶ 3.)

23       c.     Reston, Virginia is where Defendants', R.W. Beck Group, Inc.'s, and
24  Leidos, Inc.'s headquarters are located, where their officers direct,
25  control and coordinate their activities, and where their corporate records
26  are maintained. (Kilgys Declaration, ¶ 4.)

27  / / /
28  / / /

BALLARD ROSENBERG GOLPER & SAVITT, LLP
15760 VENTURA BOULEVARD, EIGHTEENTH FLOOR
ENCINO, CALIFORNIA 91436

641880.1

3

**NOTICE OF REMOVAL; MEMORANDUM OF POINTS AND AUTHORITIES;
DECLARATIONS OF RAMUNE KLIGYS AND LISA VASQUEZ**

BALLARD ROSENBERG GOLPER & SAVITT, LLP
15760 VENTURA BOULEVARD, EIGHTEENTH FLOOR
ENCINO, CALIFORNIA 91436

d.    Defendants are citizens of the States of Delaware, Washington, Texas or Virginia under 28 U.S.C. § 1332(c), and are not citizens of the State of California.

e.    Defendants are informed and believe and thereon allege that at the time of the commencement of this action and at all times since, Plaintiff was, and continues to be, a citizen of the State of California. (Complaint, ¶ 1.)

f.    Although unidentified fictitious "Doe" Defendants are alleged in Plaintiff's Complaint, 28 U.S.C. § 1441(a) provides, in pertinent part, that "[f]or purposes of removal under this chapter, the citizenship of defendants sued under fictitious names shall be disregarded."

g.    Plaintiff alleges she is a citizen of California. (Complaint, ¶ 1.) Because Plaintiff is a citizen of California, and Defendants are citizens of Delaware, Washington, Texas or Virginia, complete diversity exists between Plaintiff and Defendants in this action.

h.    For purposes of diversity jurisdiction under 28 U.S.C. § 1332(a), the amount in controversy in this action, exclusive of interest and costs, exceeds the sum of $75,000. At the time of her termination, Plaintiff was earning $20.22/hour. (Vasquez Decl., ¶ 3.) Plaintiff alleges she was wrongfully terminated on September 14, 2017. (Complaint, ¶ 23(f).) As such, Plaintiff's lost earnings to date alone are approximately $84,000 ($20.22 x 2080 hours/year x 2 years = $84,115.20.) As alleged in the Complaint, Plaintiff seeks to recover damages for past and future lost wages and other economic damages, medical expenses, emotional distress, punitive damages, and attorney's fees. (Complaint, pp. 25-26.) Thus, the total damages alleged by Plaintiff, exclusive of interest and costs, are well in excess of $75,000.

/ / /

/ / /

641880.1

4

1    9.    This District Court has jurisdiction over all the parties, and its territorial

2  jurisdiction embraces the place where the Superior Court Action is pending.

3    WHEREFORE, Defendants pray that the Superior Court Action be removed

4  from the Ventura County Superior Court to this District Court.

5

6  DATED:  September 26, 2019        BALLARD ROSENBERG GOLPER &
                                     SAVITT, LLP
7

8

9                                    By:   */s/ Jeffrey P. Fuchsman*
                                           _____
10                                         JEFFREY P. FUCHSMAN
                                     Attorneys for Defendants LEIDOS
11                                   ENGINEERING, LLC and LEIDOS
                                     ENGINEERING & SCIENCES, LLC
12

13

14    I certify under Fed. R. Civ. P. 11 that the foregoing is true and correct to the

   best of my knowledge.
15

16

17                                         */s/ Jeffrey P. Fuchsman*
                                           _____
18                                         Jeffrey P. Fuchsman

19

20

21

22

23

24

25

26

27

28

BALLARD ROSENBERG GOLPER & SAVITT, LLP
15760 VENTURA BOULEVARD, EIGHTEENTH FLOOR
ENCINO, CALIFORNIA 91436

641880.1

**NOTICE OF REMOVAL; MEMORANDUM OF POINTS AND AUTHORITIES;
DECLARATIONS OF RAMUNE KLIGYS AND LISA VASQUEZ**

BALLARD ROSENBERG GOLPER & SAVITT, LLP
15760 Ventura Boulevard, Eighteenth Floor
Encino, California 91436

**MEMORANDUM OF POINTS AND AUTHORITIES**
**IN SUPPORT OF NOTICE OF REMOVAL**

## I.    INTRODUCTION

Plaintiff alleges six causes of action against Defendants in her Complaint: (1) physical disability harassment, discrimination and retaliation in violation of the Fair Employment & Housing Act ("FEHA"); (2) mental disability harassment, discrimination and retaliation in violation of the FEHA; (3) harassment, discrimination and retaliation in violation of the California Family Rights Act ("CFRA"); (4) violation of Labor Code § 923; (5) wrongful termination in violation of public policy; and (6) declaratory relief. This case is properly removed to this District Court on the basis of federal question (federal enclave doctrine), and diversity.

## II.    PLAINTIFF WAS EMPLOYED ON A FEDERAL ENCLAVE, AND HER SUPERIOR COURT ACTION CAN BE REMOVED ON THE BASIS OF FEDERAL QUESTION JURISDICTION

Plaintiff was employed at the Port Hueneme Naval Construction Battalion Center located on the Port Hueneme Naval Base in Port Hueneme, California. This base is a federal enclave. (https://www.justice.gov/usao-cdca/our-district/federal-land-and-facilities;Vasquez Decl., ¶ 2.) [1] Thus, Plaintiff's state law claims are barred by the federal enclave doctrine. (*Durham v. Lockheed Martin Corp.*, 445 F.3d 1247, 1250 ["Federal courts have federal question jurisdiction over tort claims that arise on 'federal enclaves.'"]; *Taylor v. Lockheed Martin Corp.*, 78 Cal.App.4th 472, 482-486 (2000) [state law FEHA claims that did not exist at the time the state ceded power to the federal government are barred by the federal enclave doctrine]; *McMullen v. Southern California Edison*, 2008 U.S. Dist. LEXIS 95635, *23-25 (C.D. Cal. 2008)

[1] The Court can take judicial notice of website for the U.S. Attorney's Office, Central District of California. (FRE, Rule 201.)

641880.1

[same].) Thus, removal is proper under 28 U.S.C. § 1331, and Art. I, § 8, cl. 17 of the U.S. Constitution based on a federal question. To the extent any of the claims asserted by Plaintiff are not covered by the federal enclave doctrine, the Court has supplemental jurisdiction over such claims. (28 U.S.C. §§ 1367, 1441(c).)

## III. PLAINTIFF'S SUPERIOR COURT ACTION CAN BE REMOVED BASED ON DIVERSITY

Federal law confers upon district courts original jurisdiction in civil actions between citizens of different states in controversies which exceed the sum of $75,000, exclusive of interest and costs. (28 U.S.C. § 1332.) An action meeting the requirements of 28 U.S.C. § 1332 may be removed to a district court pursuant to 28 U.S.C. § 1441(b).

### A. There is Complete Diversity Between Plaintiff and Defendants

The citizenship of a limited liability company for diversity purposes is determined by examining the citizenship of each member of the company. (*D.B. Zwirn Special Opportunities Fund, L.P. v. Mehrotr*a, 661 F.3d 124, 125-126 (1st Cir. 2011); *Rolling Greens MHP, L.P. v. Comcast SCH Holdings, LLC*, 374 F.3d 1020, 1021-1022 (11th Cir. 2004).) A corporation is considered a citizen for diversity purposes both of the state of its incorporation, and of the state where it has its principal place of business. (28 U.S.C. § 1332(c)(1).)

At the time of the commencement of this action and at all times since, Defendant LEIDOS ENGINEERING, LLC is a limited liability company under the laws of the State of Delaware, with its principal place of business in Reston, Virginia. The sole member of Defendant LEIDOS ENGINEERING, LLC is R.W. Beck Group, Inc. R.W. Beck Group, Inc. is a Washington corporation, with its principal place of business in Reston, Virginia. (Kligys Declaration, ¶¶ 2, 4.)

At the commencement of this action and at all times since, Defendant LEIDOS ENGINEERING & SCIENCES, LLC is a limited liability company under the laws of the State of Texas, with its principal place of business in Reston, Virginia. The sole

BALLARD ROSENBERG GOLPER & SAVITT, LLP
15760 Ventura Boulevard, Eighteenth Floor
Encino, California 91436

BALLARD ROSENBERG GOLPER & SAVITT, LLP
15760 VENTURA BOULEVARD, EIGHTEENTH FLOOR
ENCINO, CALIFORNIA 91436

1  member of Defendant LEIDOS ENGINEERING & SCIENCES, LLC is Leidos, Inc.
2  Leidos, Inc. is a Delaware corporation, with its principal place of business in Reston,
3  Virginia. (Kligys Declaration, ¶¶ 3, 4.)

4       In *Hertz Corp. v. Friend,* 130 S.Ct. 1181, 175 L.Ed.2d 1029 (2010), the
5  Supreme Court held that a corporation's principal place of business for diversity
6  purposes is the place where a corporation's officers direct, control and coordinate the
7  corporation's activities. (*Id.* at 1192.) As explained in *Hertz*:

8       "And in practice it should normally be the place  where the corporation
9       maintains its headquarters -- provided that the headquarters is the actual
10      center of direction, control, and coordination, *i.e.*, the "nerve center," and
11      not simply an office where the corporation holds its board meetings (for
12      example, attended by directors and officers who have traveled there for
13      the occasion)." (*Id.*)

14      Here, Defendant LEIDOS ENGINEERING, LLC was formed under the laws
15 of the State of Delaware, with its principal place of business in Reston, Virginia.  The
16 sole member of Defendant LEIDOS ENGINEERING, LLC is R.W. Beck Group, Inc.,
17 a Washington corporation, with its principal place of business in Reston, Virginia.
18 Defendant LEIDOS ENGINEERING & SCIENCES, LLC was formed under the laws
19 of the State of Texas, with its principal place of business in Reston, Virginia. The sole
20 member of Defendant LEIDOS ENGINEERING & SCIENCES, LLC is Leidos, Inc.,
21 a Delaware corporation, with its principal place of business in Reston, Virginia.
22 Reston, Virginia is where Defendants', R.W. Beck Group, Inc.'s, and Leidos, Inc.'s
23 headquarters are located, where their officers direct, control and coordinate their
24 activities, and where their corporate records are maintained. (Kligys Declaration, ¶¶
25 2-4.)

26      Defendants are citizens of Delaware, Washington, Texas or Virginia. Plaintiff
27 is a citizen of California. (Complaint, ¶ 1.) Thus, there is complete diversity of
28 citizenship.

641880.1

8

B.    **The Amount in Controversy Exceeds $75,000**

In addition to there being complete diversity of citizenship, the Complaint establishes that the amount in controversy exceeds $75,000, exclusive of costs and interest. At the time of her termination, Plaintiff was earning $20.22/hour. (Vasquez Decl., ¶ 3.) Plaintiff alleges she was wrongfully terminated on September 14, 2017. (Complaint, ¶ 23(f).) As such, Plaintiff's lost earnings to date alone are approximately $84,000 ($20.22 x 2080 hours/year x 2 years = $84,115.20.) As alleged in the Complaint, Plaintiff seeks to recover damages for past and future lost wages and other economic damages, medical expenses, emotional distress, punitive damages, and attorney's fees. (Complaint, pp. 25-26.) Thus, the total damages alleged by Plaintiff, exclusive of interest and costs, are well in excess of $75,000.

## IV.    CONCLUSION

For all the foregoing reasons, Defendants urge that Plaintiff's Superior Court Action is properly removable to this District Court.

DATED:  September 26, 2019          BALLARD ROSENBERG GOLPER &
                                    SAVITT, LLP


                                    By: _____/s/ Jeffrey P. Fuchsman_____
                                        JEFFREY P. FUCHSMAN
                                    Attorneys for Defendants LEIDOS
                                    ENGINEERING, LLC and LEIDOS
                                    ENGINEERING & SCIENCES, LLC

BALLARD ROSENBERG GOLPER & SAVITT, LLP
15760 VENTURA BOULEVARD, EIGHTEENTH FLOOR
ENCINO, CALIFORNIA 91436

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

BALLARD ROSENBERG GOLPER & SAVITT, LLP
15760 VENTURA BOULEVARD, EIGHTEENTH FLOOR
ENCINO, CALIFORNIA 91436

## DECLARATION OF LISA VASQUEZ
## IN SUPPORT OF NOTICE OF REMOVAL

I, Lisa Vasquez, declare as follows:

1.    I am employed by Leidos, Inc. This Declaration is made in support of Defendants' Notice of Removal. If called as a witness, I could and would competently testify to the following facts based on my own personal knowledge.

2.    I am currently employed as Documentation Supervisor on a contract with the National Science Foundation to provide logistical support for the U.S. Antarctica program. I have held this position since 2014. I work in Building 471 on the Naval Base Ventura County in Port Hueneme, California. The Naval Base was previously called the Port Hueneme Naval Construction Battalion Center.  Beginning in 2014, I was the direct supervisor of Plaintiff, Christina Rocha. Ms. Rocha worked as a Secretary in Building 471 on the Port Hueneme Naval Base.

3.    At the time Ms. Rocha's employment terminated in September 2017, her hourly rate was $20.22.

I declare under penalty under the laws of the United States of America that the foregoing is true and correct. This Declaration is executed on September 23, 2019, at Port Hueneme, California.

_____
Lisa Vasquez, Declarant

641880.1

10

NOTICE OF REMOVAL; MEMORANDUM OF POINTS AND AUTHORITIES;

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

BALLARD ROSENBERG GOLPER & SAVITT, LLP
15760 VENTURA BOULEVARD, EIGHTEENTH FLOOR
ENCINO, CALIFORNIA 91436

## DECLARATION OF RAMUNE KLIGYS
## IN SUPPORT OF NOTICE OF REMOVAL

I, Ramune Kligys, declare as follows:

1.    I am employed as Corporate Paralegal Manager for Leidos, Inc. This Declaration is made in support of Defendants' Notice of Removal. If called as a witness, I could and would competently testify to the following facts based on my own personal knowledge.

2.    In my position of Corporate Paralegal Manager for Leidos Corporation, I have first-hand knowledge of the corporate status of Leidos, Inc., and its subsidiaries and affiliated businesses. At the time of the commencement of this action and at all times since, Defendant LEIDOS ENGINEERING, LLC is a limited liability company under the laws of the State of Delaware, with its principal place of business in Reston, Virginia.  The sole member of Defendant LEIDOS ENGINEERING, LLC is R.W. Beck Group, Inc. R.W. Beck Group, Inc. is a Washington corporation, with its principal place of business in Reston, Virginia.

3.    At the commencement of this action and at all times since, Defendant LEIDOS ENGINEERING & SCIENCES, LLC is a limited liability company under the laws of the State of Texas, with its principal place of business in Reston, Virginia. The sole member of Defendant LEIDOS ENGINEERING & SCIENCES, LLC is Leidos, Inc. Leidos, Inc. is a Delaware corporation, with its principal place of business in Reston, Virginia.

4.    Reston, Virginia is where Defendants', R.W. Beck Group, Inc.'s, and Leidos, Inc.'s headquarters are located, where their officers direct, control and coordinate their activities, and where their corporate records are maintained.

/ / /

/ / /

/ / /

/ / /

641880.1

11

1        I declare under penalty under the laws of the United States of America that the

2    foregoing is true and correct. This Declaration is executed on September _23_, 2019,

3    at Reston, Virginia.

4

5                       Ramune Kligys, Declarant

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

BALLARD ROSENBERG GOLPER & SAVITT, LLP
15760 VENTURA BOULEVARD, EIGHTEENTH FLOOR
ENCINO, CALIFORNIA 91436

641880.1

NOTICE OF REMOVAL; MEMORANDUM OF POINTS AND AUTHORITIES;
DECLARATIONS OF RAMUNE KLIGYS AND LISA VASQUEZ

# EXHIBIT A

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

**Electronically FILED**
by Superior Court of California
County of Ventura
**08/09/2019**
MICHAEL D. PLANET
Executive Officer and Clerk

*Susanne Leon*
Susanne Leon
Deputy Clerk

**NOTICE TO DEFENDANT:** LEIDOS ENGINEERING, LLC; LEIDOS
*(AVISO AL DEMANDADO):* ENGINEERING & SCIENCES, LLC; and
DOES 1 through 100, Inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:** CHRISTINA ROCHA,
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br>VENTURA COUNTY SUPERIOR COURT<br>800 South Victoria Avenue<br>Ventura, California  93009 | CASE NUMBER:<br>*(Número del Caso):*<br>56-2019-00531709-CU-WT-VTA |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: Marcus A. Mancini
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
MANCINI & ASSOCIATES
15303 Ventura Blvd., Suite 600, Sherman Oaks, CA 91403          (818) 783-5757

DATE:          08/09/2019     Michael D. Planet     Clerk, by     *Susanne Leon*     , Deputy
*(Fecha):*                                          *(Secretario)*                           *(Adjunto)*
                                                                                Susanne Leon

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

   under: ☐ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
*www.courtinfo.ca.gov*
Westlaw Doc & Form Builder

Ventura Superior Court Accepted through eDelivery submitted 08-09-2019 at 10:10:09 AM

Electronically
FILED
by Superior Court of California
County of Ventura
08/09/2019
MICHAEL D. PLANET
Executive Officer and Clerk
Susanne Leon
Susanne Leon
Deputy Clerk

1  MARCUS A. MANCINI, ESQ. (State Bar No.146905)
   TARA J. LICATA, ESQ. (State Bar No.266111)
2  tlicata@mmnlaw.net
   ARMANDO M. SOLORZANO, ESQ. (State Bar No.282650)
3  asolorzano@mmnlaw.net
   PAMELA A. TRIPLETT, ESQ. (State Bar No. 310232)
4  ptriplett@mmnlaw.net
   MANCINI & ASSOCIATES
5  A Professional Law Corporation
   15303 Ventura Boulevard, Suite 600
6  Sherman Oaks, CA 91403
   (818) 783-5757  Phone
7  (818) 783-7710  Fax

8  Attorneys for Plaintiff **CHRISTINA ROCHA**

9              SUPERIOR COURT OF THE STATE OF CALIFORNIA

10                    FOR THE COUNTY OF VENTURA

11  CHRISTINA ROCHA,                    ) Case No.   56-2019-00531709-CU-WT-VTA
                                        )
12            Plaintiff,                ) **PLAINTIFF'S COMPLAINT FOR**
                                        ) **DAMAGES:**
13       vs.                            )
                                        ) (1)    **FOR PERCEIVED AND/OR**
14                                      )        **PHYSICAL DISABILITY**
                                        )        **HARASSMENT,**
15  LEIDOS ENGINEERING, LLC;            )        **DISCRIMINATION AND**
    LEIDOS ENGINEERING & SCIENCES, LLC; )        **RETALIATION IN VIOLATION**
16  and DOES 1 through 100, Inclusive,  )        **OF CALIFORNIA**
                                        )        **GOVERNMENT CODE §§12940**
17            Defendants.               )        **ET SEQ. [FEHA];**
                                        )
18                                      ) (2)    **FOR PERCEIVED AND/OR**
                                        )        **MENTAL DISABILITY**
19                                      )        **HARASSMENT,**
                                        )        **DISCRIMINATION AND**
20                                      )        **RETALIATION IN VIOLATION**
                                        )        **OF CALIFORNIA**
21                                      )        **GOVERNMENT CODE §§12940**
                                        )        **ET SEQ. [FEHA];**
22                                      )
                                        ) (3)    **FOR HARASSMENT,**
23                                      )        **DISCRIMINATION AND**
                                        )        **RETALIATION IN VIOLATION**
24                                      )        **OF CALIFORNIA**
                                        )        **GOVERNMENT CODE**
25                                      )        **§§12945.2 ET SEQ. [CFRA];**
                                        )
26                                      ) (4)    **FOR VIOLATION OF**
                                        )        **CALIFORNIA LABOR CODE**
27                                      )        **§923 [ASSISTANCE OF**
                                        )        **COUNSEL];**
28                                      )

Ventura Superior Court Accepted through eDelivery submitted 08-09-2019 at 10:10:09 AM

CASE #:56-2019-00531709-CU-WT-VTA RECEIPT #: 1190809D11972 DATE PAID : 08/9/19 11:39 AM TOTAL : 435.00 TYPE : EFT

1
      (5)   **FOR RETALIATION AND WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY;**

2

3

4
      (6)   **FOR DECLARATORY RELIEF [Permanent Injunction Requested].**

5

6

7
          **JURY TRIAL DEMANDED**

8
          **UNLIMITED JURISDICTION: CASE VALUE IN EXCESS OF $25,000.00.**

9

10

11

12
      **COMES NOW** Plaintiff **CHRISTINA ROCHA** (hereinafter referred to as "ROCHA" or

13
"Plaintiff") and complains against the above-named Defendants and for causes of action against

14
the Defendants, and each of them, alleges as follows:

15
                      I.

16
              **FIRST CAUSE OF ACTION**

17
          **(For Perceived and/or Physical Disability**

18
      **Harassment, Discrimination and Retaliation in Employment**

19
          **[California Government Code §12940 et seq.]**

20
      **Against All Defendants and DOES 1 Through 100, Inclusive)**

21
    1.    At all times mentioned herein, Plaintiff was, and now is, an individual

22
residing in the County of Ventura, State of California.

23
    2.    Plaintiff is informed and believes, and thereon alleges, that at all times relevant

24
herein, Defendant LEIDOS ENGINEERING, LLC (hereinafter referred to collectively with all

25
other Defendants as "Defendants") were, and now are, valid businesses of form unknown duly

26
organized and existing under the laws of the State of California, having its principal place of

27
business in the County of Ventura, State of California.

28
///

2

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

3.    Plaintiff is informed and believes, and thereon alleges, that at all times relevant
herein, Defendant LEIDOS ENGINEERING & SCIENCES, LLC (hereinafter referred to
collectively with all other Defendants as "Defendants") were, and now are, valid businesses of
form unknown duly organized and existing under the laws of the State of California, having its
principal place of business in the County of Ventura, State of California.

4.    Plaintiff is ignorant of the true names and capacities, whether corporate, associate,
successor, alter ego, fictitious, individual or otherwise, of Defendants sued herein as DOES 1 -
100, Inclusive, and therefore sues said Defendants, and each of them, by such fictitious names.
Plaintiff will seek leave of court to amend this Complaint to assert the true names and capacities of
the fictitiously named Defendants when the same have been ascertained. Plaintiff is informed and
believes, and thereon alleges, that each Defendant designated as "DOES" herein is legally
responsible for the events, happenings, acts, occurrences, indebtedness, damages and liabilities
hereinafter alleged and caused injuries and damages proximately thereby to the plaintiff, as
hereinafter alleged.

5.    Plaintiff is informed and believes, and thereon alleges, that at all times relevant
herein, each Defendant designated, including DOES 1-100, herein was the agent, managing agent,
principal, owner, partner, subsidiary, wholly owned subsidiary, partially owned subsidiary, joint
venturer, joint employer, direct employer, special employer, client employer, labor contractor, alter
ego, representative, supervisor, manager, servant, employee and/or co-conspirator of each of the
other Defendants, and was at all times mentioned herein acting within the course and scope of said
agency and employment, and that all acts or omissions alleged herein were duly committed with
the ratification, knowledge, permission, encouragement, authorization and consent of each
Defendant designated herein.

6.    At all times herein mentioned, for over twenty-six-and-a-half (26 ½) years until
Plaintiff's wrongful termination on or about September 14, 2017, Plaintiff was employed as an
Administrative Coordinator and Secretary II by Defendants and DOES 1 through 100, Inclusive,
and each of them, who were also, at all times herein mentioned, Plaintiff's employers, managers
and supervisors.

3

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

1   7.  At all times hereinalleged, Plaintiff had the perceived and/or physical disability(s)

2 of neck injuries, bilateral shoulder injuries, bilateral wrist injuries, bilateral elbow injuries,

3 associated conditions and others, and the perceived and/or physical disability(s) of anxiety,

4 depression, associated conditions and others.

5   8.  In or around April 2015, and continuing, Plaintiff developed and/or aggravated

6 and/or sustained perceived and/or physical disability(s) including, but not limited to, neck injuries,

7 bilateral shoulder injuries, bilateral wrist injuries, bilateral elbow injuries, associated conditions

8 and others.

9   9.  Plaintiff placed Defendants, and each of them, on notice of Plaintiff's disability(s).

10   10.  Plaintiff made and/or articulated a Worker's Compensation claim(s).

11   11.  Plaintiff requested and/or was entitled to and/or was granted CFRA and/or other

12 medical and/or other negotiated leave in order to recuperate and heal.

13   12.  In or around April 2015, and continuing, Plaintiff developed and/or aggravated

14 and/or sustained perceived and/or mental disability(s) including, but not limited to, anxiety,

15 depression, associated conditions and others.

16   13.  Plaintiff placed Defendants, and each of them, on notice of Plaintiff's disability(s).

17   14.  Plaintiff made and/or articulated a Worker's Compensation claim(s).

18   15.  Plaintiff requested and/or was entitled to and/or was granted CFRA and/or other

19 medical and/or other negotiated leave in order to recuperate and heal.

20   16.  Plaintiff retained Worker's Compensation counsel to handle her Worker's

21 Compensation claims.

22   17.  Defendants, and each of them, began a campaign of harassment, discrimination and

23 retaliation against Plaintiff including, but not limited to, overly and unfairly monitoring,

24 scrutinizing, reprimanding and disciplining Plaintiff's work performance and work behavior, which

25 included falsely and/or exaggeratedly and/or pretextually accusing Plaintiff of a negative attitude,

26 speaking negatively to coworkers, insubordination, failing to comply with Defendants' attendance

27 policies and procedures, and failing to meet Defendants' values and expectations; and demoting

28 Plaintiff from Administrative Coordinator to Secretary II.

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

18.    Prior to July 21, 2017, Defendants, and each of them, in a completely unveiled attempt to rid themselves of Plaintiff, a loyal employee of over two (2) decades, offered Plaintiff a "mutual separation option."  Plaintiff courageously declined, and Defendants, and each of them, retaliated against Plaintiff by immediately placing her on a Performance Improvement Plan (PIP), dated July 19, 2017, which included weekly progress meetings.  Plaintiff was falsely and/or exaggeratedly and/or pretextually accused of "unprofessional behavior regarding Plaintiff's verbal communication with co-workers; discourteous nonverbal communications (for example, hostile body language causes coworkers to perceive Plaintiff as unapproachable; continued cell phone and lengthy personal conversations outside of designated break times that cause a work stoppage and disrupts other co-workers; consistently bypassing the First Line Supervisor and approaching a Supervisor from a different dept. with questions and concerns creating confusion and undermining the ability of the team to function effectively; demonstrating lack of initiative and effort completing new tasks; and attendance- adherence to attendance policy and procedure."

19.    On or about August 31, 2017, Defendants, and each of them, extended Plaintiff's PIP two (2) weeks.

20.    On or about September 14, 2017, Defendants, and each of them, retaliated against and wrongfully terminated Plaintiff for the false and/or exaggerated and/or pretextual reason(s) that Plaintiff "failed to meet the objectives outlined in the PIP dated July 19, 2017."

21.    Plaintiff is informed and believes, and thereon alleges, that Defendants, and each of them, replaced Plaintiff with and/or kept and/or treated more favorably a non-disabled individual and/or a substantially younger individual(s).

22.    At all times hereinalleged, Plaintiff was a qualified disabled worker with one or more perceived and/or physical disability(s), who could perform the essential duties of Plaintiff's job with or without an accommodation, and without causing harm to Plaintiff and/or Plaintiff's fellow employees, and who was entitled to preferential reassignment.

23.    From April 2015, and continuing at least through September 14, 2017, and continuing, Defendants and DOES 1 through 100, and each of them, discriminated, harassed, and retaliated against Plaintiff on the basis of Plaintiff's perceived and/or physical disability(s), by the

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

1  following continuous actions, and conduct, among others:

2      a.    Failing to determine the extent of Plaintiff's disability(s) and how they could be

3          accommodated;

4      b.    Failing to take any affirmative steps to inform Plaintiff of any job opportunities

5          within the company;

6      c.    Failing to consider Plaintiff for and move Plaintiff into openings for which Plaintiff

7          was qualified and could handle subject to Plaintiff's disability(s);

8      d.    Failing to engage in a timely, good faith, interactive process with Plaintiff to

9          determine effective reasonable accommodations;

10     e.    Demoting Plaintiff;

11     f.    On or about September 14, 2017, retaliating against and wrongfully terminating

12         Plaintiff for the false and/or exaggerated and/or pretextual reason(s) that Plaintiff

13         "failed to meet the objectives outlined in the PIP dated July 19, 2017;"

14     g.    Plaintiff is informed and believes, and thereon alleges, that Defendants, and each of

15         them, replaced Plaintiff with and/or kept and/or treated more favorably a non-

16         disabled individual;

17     h.    Harassing, discriminating and retaliating against Plaintiff on the basis of Plaintiff's

18         perceived and/or disability(s), as hereinalleged;

19     i.    Harassing, discriminating and retaliating against Plaintiff on the basis of Plaintiff

20         requesting and/or taking and/or being entitled to CFRA and/or other lawful medical

21         leave, as hereinalleged;

22     j.    Failing to rehire and/or reemploy Plaintiff.

23     24.    The acts and conduct of Defendants, and each of them, as aforesaid, was in

24 violation of California Government Code §12940 et seq. Said statutes impose certain duties upon

25 Defendants, and each of them, concerning harassment, discrimination and retaliation against

26 persons, such as Plaintiff, on the basis of perceived and/or physical disability and the prohibition of

27 perceived and/or physical disability harassment, discrimination and retaliation. Said statutes were

28 intended to prevent the type of injury and damage herein set forth. Plaintiff was, at all times

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

1 material hereto, an employee with a perceived and/or physical disability(s), and within the

2 protected class covered by California Government Code §12940, prohibiting perceived and/or

3 physical disability harassment, discrimination and retaliation in employment.

4       25.    By the acts and conduct described above, Defendants, and each of them, in violation

5 of said statutes, knew about, or should have known about, and failed to investigate and/or properly

6 investigate, prevent or remedy the perceived and/or physical disability harassment, retaliation and

7 discrimination. The acts of discrimination, retaliation and harassment described herein were

8 sufficiently pervasive so as to alter the conditions of employment, and created an abusive working

9 environment. When Plaintiff was harassed, discriminated against and retaliated against, Plaintiff's

10 perceived and/or physical disability(s) and/or complaints about the unlawful conduct were a

11 substantial factor motivating and/or motivating reasons in Defendants'. conduct.

12       26.    Plaintiff filed  timely charges and complaints of perceived and/or physical disability

13 harassment, retaliation and discrimination with the California Department of Fair Employment and

14 Housing and has received Notice(s) of  Right to Sue in a California Superior Court pursuant to

15 California Government Code §12965(b).  Plaintiff has therefore exhausted Plaintiff's

16 administrative remedies under the California Government Code.  Attached hereto and incorporated

17 herein as Exhibit "A" are said Complaints and by reference hereto are made a part hereof.

18 Attached hereto and incorporated herein as Exhibit "B" are said Right to Sue Notices and by

19 reference hereto are made a part hereof.

20       27.    By the aforesaid acts and conduct of Defendants, and each of them, Plaintiff has

21 been directly and legally caused to suffer actual damages pursuant to California Civil Code §3333

22 including, but not limited to, loss of earnings and future earning capacity, medical and related

23 expenses for care and procedures both now and in the future, attorneys fees, and other pecuniary

24 loss not presently ascertained, for which Plaintiff will seek leave of court to amend when

25 ascertained.

26       28.    As a direct and legal result of the acts and omissions of Defendants, and each of

27 them, Plaintiff was rendered sick, sore, lame, disabled and disordered, both internally and

28 externally, and suffered, among other things, numerous internal injuries, severe fright, shock, pain,

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

1    discomfort and anxiety. The exact nature and extent of said injuries are not known to the plaintiff,

2    who will pray leave of court to insert the same when they are ascertained. Plaintiff does not at this

3    time know the exact duration or permanence of said injuries, but is informed and believes, and

4    thereon alleges, that some of the said injuries are reasonably certain to be permanent in character.

5       29.    As a further legal result of the acts and omissions of the Defendants, and each of

6    them, Plaintiff has been forced to incur expenses for medical care, X-rays, and laboratory costs

7    during the period of Plaintiff's disability, and is informed and believes, and thereon alleges, that

8    she will in the future be forced to incur additional expenses of the same nature, all in an amount

9    which is at present unknown. Plaintiff will pray leave of court to show the exact amount of said

10    expenses at the time of trial.

11       30.    Prior to the occurrence of the incidents, Plaintiff was an able-bodied individual, but

12    since said incidents has been unable to engage fully in Plaintiff's occupation, and is informed and

13    believes, and thereon alleges, that Plaintiff will be incapacitated and unable to perform Plaintiff's

14    usual work for an indefinite period of time in the future, all to Plaintiff's damage in an amount

15    which is at present unascertained. Plaintiff will pray leave of court to show the total amount of

16    loss of earnings at the time of trial.

17       31.    As a further direct and legal result of the acts and conduct of Defendants, as

18    aforesaid, Plaintiff has been caused, and did suffer, and continues to suffer severe and permanent

19    emotional and mental distress and anguish, humiliation, embarrassment, fright, shock, pain,

20    discomfort and anxiety. The exact nature and extent of said injuries is presently unknown to

21    plaintiff, who will pray leave of court to assert the same when they are ascertained.

22       32.    Plaintiff has been generally damaged in an amount within the jurisdictional limits of

23    this court.

24       33.    The aforementioned acts of Defendants, and each of them, were wilful, wanton,

25    malicious, intentional, oppressive and despicable and were done in wilful and conscious disregard

26    of the rights, welfare and safety of plaintiff, and were done by managerial agents and employees of

27    Defendants and DOES 1 through 100, and with the express knowledge, consent, and ratification of

28    managerial agents and employees of Defendants and DOES 1 through 100, thereby justifying the

8

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

1    awarding of punitive and exemplary damages in an amount to be determined at the time of trial.

2         34.    As a result of the discriminatory acts of Defendants, and each of them, as alleged

3    herein, Plaintiff is entitled to reasonable attorneys' fees and costs of said suit as specifically

4    provided in California Government Code § 12965(b).

5                                          II.

6                          SECOND CAUSE OF ACTION

7                    (For Perceived and/or Mental Disability

8           Harassment, Discrimination and Retaliation in Employment

9                 [California Government Code §12940 et seq.]

10             Against All Defendants and DOES 1 Through 100, Inclusive)

11        35.    Plaintiff incorporates herein by reference Paragraphs 1 through 34 as though set

12   forth in full herein.

13        36.    At all times hereinalleged, Plaintiff had the perceived and/or physical disability(s)

14   of neck injuries, bilateral shoulder injuries, bilateral wrist injuries, bilateral elbow injuries,

15   associated conditions and others, and the perceived and/or physical disability(s) of anxiety,

16   depression, associated conditions and others.

17        37.    In or around April 2015, and continuing, Plaintiff developed and/or aggravated

18   and/or sustained perceived and/or physical disability(s) including, but not limited to, neck injuries,

19   bilateral shoulder injuries, bilateral wrist injuries, bilateral elbow injuries, associated conditions

20   and others.

21        38.    Plaintiff placed Defendants, and each of them, on notice of Plaintiff's disability(s).

22        39.    Plaintiff made and/or articulated a Worker's Compensation claim(s).

23        40.    Plaintiff requested and/or was entitled to and/or was granted CFRA and/or other

24   medical and/or other negotiated leave in order to recuperate and heal.

25        41.    In or around April 2015, and continuing, Plaintiff developed and/or aggravated

26   and/or sustained perceived and/or mental disability(s) including, but not limited to, anxiety,

27   depression, associated conditions and others.

28   ///

                                        9
                   PLAINTIFF'S COMPLAINT FOR DAMAGES

42. Plaintiff placed Defendants, and each of them, on notice of Plaintiff's disability(s).

43. Plaintiff made and/or articulated a Worker's Compensation claim(s).

44. Plaintiff requested and/or was entitled to and/or was granted CFRA and/or other medical and/or other negotiated leave in order to recuperate and heal.

45. Plaintiff retained Worker's Compensation counsel to handle her Worker's Compensation claims.

46. Defendants, and each of them, began a campaign of harassment, discrimination and retaliation against Plaintiff including, but not limited to, overly and unfairly monitoring, scrutinizing, reprimanding and disciplining Plaintiff's work performance and work behavior, which included falsely and/or exaggeratedly and/or pretextually accusing Plaintiff of a negative attitude, speaking negatively to coworkers, insubordination, failing to comply with Defendants' attendance policies and procedures, and failing to meet Defendants' values and expectations; and demoting Plaintiff from Administrative Coordinator to Secretary II.

47. Prior to July 21, 2017, Defendants, and each of them, in a completely unveiled attempt to rid themselves of Plaintiff, a loyal employee of over two (2) decades, offered Plaintiff a "mutual separation option." Plaintiff courageously declined, and Defendants, and each of them, retaliated against Plaintiff by immediately placing her on a Performance Improvement Plan (PIP), dated July 19, 2017, which included weekly progress meetings. Plaintiff was falsely and/or exaggeratedly and/or pretextually accused of "unprofessional behavior regarding Plaintiff's verbal communication with co-workers; discourteous nonverbal communications (for example, hostile body language causes coworkers to perceive Plaintiff as unapproachable; continued cell phone and lengthy personal conversations outside of designated break times that cause a work stoppage and disrupts other co-workers; consistently bypassing the First Line Supervisor and approaching a Supervisor from a different dept. with questions and concerns creating confusion and undermining the ability of the team to function effectively; demonstrating lack of initiative and effort completing new tasks; and attendance- adherence to attendance policy and procedure."

48. On or about August 31, 2017, Defendants, and each of them, extended Plaintiff's PIP two (2) weeks.

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

49.    On or about September 14, 2017, Defendants, and each of them, retaliated against and wrongfully terminated Plaintiff for the false and/or exaggerated and/or pretextual reason(s) that Plaintiff "failed to meet the objectives outlined in the PIP dated July 19, 2017."

50.    Plaintiff is informed and believes, and thereon alleges, that Defendants, and each of them, replaced Plaintiff with and/or kept and/or treated more favorably a non-disabled individual and/or a substantially younger individual(s).

51.    At all times herein alleged, Plaintiff was a qualified disabled worker with one or more perceived and/or physical disability(s), who could perform the essential duties of Plaintiff's job with or without an accommodation, and without causing harm to Plaintiff and/or Plaintiff's fellow employees, and who was entitled to preferential reassignment.

52.    From April 2015, and continuing at least through September 14, 2017, and continuing, Defendants and DOES 1 through 100, and each of them, discriminated, harassed, and retaliated against Plaintiff on the basis of Plaintiff's perceived and/or mental disability(s), by the following continuous actions, and conduct, among others:

a.    Failing to determine the extent of Plaintiff's disability(s) and how they could be accommodated;

b.    Failing to take any affirmative steps to inform Plaintiff of any job opportunities within the company;

c.    Failing to consider Plaintiff for and move Plaintiff into openings for which Plaintiff was qualified and could handle subject to Plaintiff's disability(s);

d.    Failing to engage in a timely, good faith, interactive process with Plaintiff to determine effective reasonable accommodations;

e.    Demoting Plaintiff;

f.    On or about September 14, 2017, retaliating against and wrongfully terminating Plaintiff for the false and/or exaggerated and/or pretextual reason(s) that Plaintiff "failed to meet the objectives outlined in the PIP dated July 19, 2017;"

///

///

11

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

g.    Plaintiff is informed and believes, and thereon alleges, that Defendants, and each of them, replaced Plaintiff with and/or kept and/or treated more favorably a non-disabled individual;

h.    Harassing, discriminating and retaliating against Plaintiff on the basis of Plaintiff's perceived and/or disability(s), as hereinalleged;

i.    Harassing, discriminating and retaliating against Plaintiff on the basis of Plaintiff requesting and/or taking and/or being entitled to CFRA and/or other lawful medical leave, as hereinalleged;

j.    Failing to rehire and/or reemploy Plaintiff.

53.    The acts and conduct of Defendants, and each of them, as aforesaid, was in violation of California Government Code §12940 et seq. Said statutes impose certain duties upon Defendants, and each of them, concerning harassment, discrimination and retaliation against persons, such as Plaintiff, on the basis of perceived and/or mental disability and the prohibition of perceived and/or mental disability harassment, discrimination and retaliation. Said statutes were intended to prevent the type of injury and damage herein set forth. Plaintiff was, at all times material hereto, an employee with a perceived and/or mental disability(s), and within the protected class covered by California Government Code §12940, prohibiting perceived and/or mental disability harassment, discrimination and retaliation in employment.

54.    By the acts and conduct described above, Defendants, and each of them, in violation of said statutes, knew about, or should have known about, and failed to investigate and/or properly investigate, prevent or remedy the perceived and/or mental disability harassment, retaliation and discrimination. The acts of discrimination, retaliation and harassment described herein were sufficiently pervasive so as to alter the conditions of employment, and created an abusive working environment. When Plaintiff was harassed, discriminated against and retaliated against, Plaintiff's perceived and/or mental disability(s) and/or complaints about the unlawful conduct were a substantial factor motivating and/or motivating reasons in Defendants' conduct.

///

///

12

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

1    55.    Plaintiff filed timely charges and complaints of perceived and/or mental disability
2    harassment, retaliation and discrimination with the California Department of Fair Employment and
3    Housing and has received Notice(s) of Right to Sue in a California Superior Court pursuant to
4    California Government Code §12965(b). Plaintiff has therefore exhausted Plaintiff's
5    administrative remedies under the California Government Code. Attached hereto and incorporated
6    herein as Exhibit "A" are said Complaints and by reference hereto are made a part hereof.
7    Attached hereto and incorporated herein as Exhibit "B" are said Right to Sue Notices and by
8    reference hereto are made a part hereof.

9    56.    By the aforesaid acts and conduct of Defendants, and each of them, Plaintiff has
10    been directly and legally caused to suffer actual damages pursuant to California Civil Code §3333
11    including, but not limited to, loss of earnings and future earning capacity, medical and related
12    expenses for care and procedures both now and in the future, attorneys fees, and other pecuniary
13    loss not presently ascertained, for which Plaintiff will seek leave of court to amend when
14    ascertained.

15    57.    As a direct and legal result of the acts and omissions of Defendants, and each of
16    them, Plaintiff was rendered sick, sore, lame, disabled and disordered, both internally and
17    externally, and suffered, among other things, numerous internal injuries, severe fright, shock, pain,
18    discomfort and anxiety. The exact nature and extent of said injuries are not known to the plaintiff,
19    who will pray leave of court to insert the same when they are ascertained. Plaintiff does not at this
20    time know the exact duration or permanence of said injuries, but is informed and believes, and
21    thereon alleges, that some of the said injuries are reasonably certain to be permanent in character.

22    58.    As a further legal result of the acts and omissions of the Defendants, and each of
23    them, Plaintiff has been forced to incur expenses for medical care, X-rays, and laboratory costs
24    during the period of Plaintiff's disability, and is informed and believes, and thereon alleges, that
25    she will in the future be forced to incur additional expenses of the same nature, all in an amount
26    which is at present unknown. Plaintiff will pray leave of court to show the exact amount of said
27    expenses at the time of trial.
28    ///

13

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

59.    Prior to the occurrence of the incidents, Plaintiff was an able-bodied individual, but since said incidents has been unable to engage fully in Plaintiff's occupation, and is informed and believes, and thereon alleges, that Plaintiff will be incapacitated and unable to perform Plaintiff's usual work for an indefinite period of time in the future, all to Plaintiff's damage in an amount which is at present unascertained.  Plaintiff will pray leave of court to show the total amount of loss of earnings at the time of trial.

60.    As a further direct and legal result of the acts and conduct of Defendants, as aforesaid, Plaintiff has been caused, and did suffer, and continues to suffer severe and permanent emotional and mental distress and anguish, humiliation, embarrassment, fright, shock, pain, discomfort and anxiety.  The exact nature and extent of said injuries is presently unknown to plaintiff, who will pray leave of court to assert the same when they are ascertained.

61.    Plaintiff has been generally damaged in an amount within the jurisdictional limits of this court.

62.    The aforementioned acts of Defendants, and each of them, were wilful, wanton, malicious, intentional, oppressive and despicable and were done in wilful and conscious disregard of the rights, welfare and safety of plaintiff, and were done by managerial agents and employees of Defendants and DOES 1 through 100, and with the express knowledge, consent, and ratification of managerial agents and employees of Defendants and DOES 1 through 100, thereby justifying the awarding of punitive and exemplary damages in an amount to be determined at the time of trial.

63.    As a result of the discriminatory acts of Defendants, and each of them, as alleged herein, Plaintiff is entitled to reasonable attorneys' fees and costs of said suit as specifically provided in California Government Code § 12965(b).

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

14

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

# III.

## THIRD CAUSE OF ACTION

### (For Violation of the Family Rights Act

### [California Government Code § 12945.2]

### Against All Defendants and DOES 1 Through 100, Inclusive)

64. Plaintiff incorporates herein by reference Paragraphs 1 through 63 as though set forth in full herein.

65. Plaintiff was an employee of Defendants who qualified for leave due to physical and/or mental disability(s) pursuant to California Government Code §12945.2 et seq.

66. At all times herein mentioned, Defendants were "Employer[s]" within the definition of Government Code §12945.2, in that Defendants regularly employed 50 or more people and/or adhered and/or abided by CFRA and/or gave their employees equal or greater leave protection than CFRA.

67. From April 2015, and continuing at least through September 14, 2017, and continuing, Defendants and DOES 1 through 100, and each of them, interfered with, denied and retaliated against Plaintiff for being entitled to and/or requesting and/or taking Plaintiff's Family Rights and Family Care and Medical Leave, by the following actions, among others:

a. Defendants, and each of them, harassed, discriminated against and retaliated against Plaintiff, as hereinalleged, in the terms and conditions of Plaintiff's employment;

b. Defendants and each of them, retaliated against Plaintiff because of Plaintiff's entitlement and/or request and/or taking of the right to medical leave in violation of Government Code §12945.2 et seq. by, amongst others, failing to return Plaintiff to work and/or terminating Plaintiff.

68. By the acts and conduct described above, Defendants, and each of them, in violation of said statutes, knew about, or should have known about, and failed to investigate and/or properly investigate, prevent or remedy the retaliation and discrimination in violation of the Family Rights Act. The acts of discrimination described herein were sufficiently pervasive so as to alter the conditions of employment, and created an abusive working environment. Plaintiff's request and/or

15

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

1  taking and/or right to take, Family Medical Leave, and/or Plaintiff's complaints about the unlawful

2  conduct were motivating reasons in Defendants' conduct.

3      69.    Plaintiff filed timely charges and complaints of retaliation, harassment and

4  discrimination in violation of the Family Rights Act with the California Department of Fair

5  Employment and Housing pursuant to California Government Code §12965(b), permitting Plaintiff

6  to bring this legal action. Attached hereto and incorporated herein as Exhibit "A" are said

7  Complaints and by reference hereto are made a part hereof. Attached hereto and incorporated

8  herein as Exhibit "B" are said Right to Sue Notices and by reference hereto are made a part hereof.

9      70.    By the aforesaid acts and conduct of Defendants, and each of them, Plaintiff has

10  been directly and legally caused to suffer actual damages pursuant to California Civil Code §3333

11  including, but not limited to, loss of earnings and future earning capacity, medical and related

12  expenses for care and procedures both now and in the future, attorneys fees, and other pecuniary

13  loss not presently ascertained, for which Plaintiff will seek leave of court to amend when

14  ascertained.

15      71.    As a direct and legal result of the acts and omissions of Defendants, and each of

16  them, Plaintiff was rendered sick, sore, lame, disabled and disordered, both internally and

17  externally, and suffered, among other things, numerous internal injuries, severe fright, shock, pain,

18  discomfort and anxiety. The exact nature and extent of said injuries are not known to the plaintiff,

19  who will pray leave of court to insert the same when they are ascertained. Plaintiff does not at this

20  time know the exact duration or permanence of said injuries, but is informed and believes, and

21  thereon alleges, that some of the said injuries are reasonably certain to be permanent in character.

22      72.    As a further legal result of the acts and omissions of the Defendants, and each of

23  them, Plaintiff has been forced to incur expenses for medical care, X-rays, and laboratory costs

24  during the period of Plaintiff's disability, and is informed and believes, and thereon alleges, that

25  she will in the future be forced to incur additional expenses of the same nature, all in an amount

26  which is at present unknown. Plaintiff will pray leave of court to show the exact amount of said

27  expenses at the time of trial.

28  ///

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

73.    Prior to the occurrence of the incidents, Plaintiff was an able-bodied individual, but since said incidents has been unable to engage fully in Plaintiff's occupation, and is informed and believes, and thereon alleges, that Plaintiff will be incapacitated and unable to perform Plaintiff's usual work for an indefinite period of time in the future, all to Plaintiff's damage in an amount which is at present unascertained. Plaintiff will pray leave of court to show the total amount of loss of earnings at the time of trial.

74.    As a further direct and legal result of the acts and conduct of Defendants, as aforesaid, Plaintiff has been caused, and did suffer, and continues to suffer severe and permanent emotional and mental distress and anguish, humiliation, embarrassment, fright, shock, pain, discomfort and anxiety. The exact nature and extent of said injuries is presently unknown to plaintiff, who will pray leave of court to assert the same when they are ascertained.

75.    Plaintiff has been generally damaged in an amount within the jurisdictional limits of this court.

76.    The aforementioned acts of Defendants, and each of them, were wilful, wanton, malicious, intentional, oppressive and despicable and were done in wilful and conscious disregard of the rights, welfare and safety of plaintiff, and were done by managerial agents and employees of Defendants and DOES 1 through 100, and with the express knowledge, consent, and ratification of managerial agents and employees of Defendants and DOES 1 through 100, thereby justifying the awarding of punitive and exemplary damages in an amount to be determined at the time of trial.

77.    As a result of the discriminatory acts of Defendants, and each of them, as alleged herein, Plaintiff is entitled to reasonable attorneys' fees and costs of said suit as specifically provided in California Government Code § 12965(b).

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

17

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

# IV.

## FOURTH CAUSE OF ACTION

### (For Violation of the Right to Seek and Obtain Legal Counsel

### [California Labor Code §923]

### Against All Defendants and DOES 1 Through 100, Inclusive)

78.    Plaintiff incorporates herein by reference Paragraphs 1 through 77 as though set forth in full herein.

79.    California Labor Code §923 declares the existence of a public policy premised on an employee's right to seek and designate legal representation in dealing with their employer. California Labor Code §923 declares it necessary that Plaintiff, as an employee, have full freedom of association, self-organization, and designation of representatives of his own choosing, to negotiate the terms and conditions of his employment, and that he shall be free from the interference, restraint, or coercion of employers of labor, or their agents, in the designation of such representatives.

80.    In or around April 2015, and continuing, Plaintiff asserted her right to legal representation to negotiate terms and conditions of Plaintiff's employment and/or employment claim(s) and/or during a employment dispute. When Plaintiff was terminated on or about September 14, 2017, Plaintiff's seeking, obtaining and retaining legal counsel, and/or Plaintiff's complaints about the unlawful conduct were motivating reason(s) in Defendants' conduct.

81.    By the aforesaid acts and conduct of Defendants, and each of them, Plaintiff has been directly and legally caused to suffer actual damages pursuant to California Civil Code §3333 including, but not limited to, loss of earnings and future earning capacity, medical and related expenses for care and procedures both now and in the future, attorneys fees, and other pecuniary loss not presently ascertained, for which Plaintiff will seek leave of court to amend when ascertained.

82.    As a direct and legal result of the acts and omissions of Defendants, and each of them, Plaintiff was rendered sick, sore, lame, disabled and disordered, both internally and externally, and suffered, among other things, numerous internal injuries, severe fright, shock, pain,

-18-

1  discomfort and anxiety.  The exact nature and extent of said injuries are not known to the plaintiff,

2  who will pray leave of court to insert the same when they are ascertained.  Plaintiff does not at this

3  time know the exact duration or permanence of said injuries, but is informed and believes, and

4  thereon alleges, that some of the said injuries are reasonably certain to be permanent in character.

5       83.    As a further legal result of the acts and omissions of the Defendants, and each of

6  them, Plaintiff has been forced to incur expenses for medical care, X-rays, and laboratory costs

7  during the period of Plaintiff's disability, and is informed and believes, and thereon alleges, that

8  she will in the future be forced to incur additional expenses of the same nature, all in an amount

9  which is at present unknown.  Plaintiff will pray leave of court to show the exact amount of said

10 expenses at the time of trial.

11      84.    Prior to the occurrence of the incidents, Plaintiff was an able-bodied individual, but

12 since said incidents  has been unable to engage fully in Plaintiff's occupation, and is informed and

13 believes, and thereon alleges, that Plaintiff will be incapacitated and unable to perform Plaintiff's

14 usual work for an indefinite period of time in the future, all to Plaintiff's damage in an amount

15 which is at present unascertained.  Plaintiff will pray leave of court to show the total amount of

16 loss of earnings at the time of trial.

17      85.    As a further direct and legal result of the acts and conduct of Defendants, as

18 aforesaid, Plaintiff has been caused, and did suffer, and continues to suffer severe and permanent

19 emotional and mental distress and anguish, humiliation, embarrassment, fright, shock, pain,

20 discomfort and anxiety.  The exact nature and extent of said injuries is presently unknown to

21 plaintiff, who will pray leave of court to assert the same when they are ascertained.

22      86.    Plaintiff has been generally damaged in an amount within the jurisdictional limits of

23 this court.

24      87.    The aforementioned acts of Defendants, and each of them, were wilful, wanton,

25 malicious, intentional, oppressive and despicable and were done in wilful and conscious disregard

26 of the rights, welfare and safety of plaintiff, and were done by managerial agents and employees of

27 Defendants and DOES 1 through 100, and with the express knowledge, consent, and ratification of

28 managerial agents and employees of Defendants and DOES 1 through 100, thereby justifying the

1  awarding of punitive and exemplary damages in an amount to be determined at the time of trial.

2      88.    As a result of the discriminatory acts of Defendants, and each of them, as alleged

3  herein, Plaintiff is entitled to reasonable attorneys' fees and costs of said suit as specifically

4  provided in California Code of Civil Procedure §1021.5.

5  V.

6  **FIFTH CAUSE OF ACTION**

7  **(For Retaliation and Wrongful Termination in Violation of Public Policy**

8  **Against Defendants and DOES 1 -100, Inclusive)**

9      89.    Plaintiff incorporates herein by reference Paragraphs 1 through 88 as though set

10  forth in full herein.

11      90.    At all times herein mentioned, the public policy of the State of California, as

12  codified, expressed and mandated in California Government Code §12940 was to prohibit

13  employers from discriminating, harassing, and retaliating against any individual based on

14  perceived and/or physical disability(s). This public policy of the State of California is designed to

15  protect all employees and to promote the welfare and well-being of the community at large.

16  Accordingly, the actions of Defendants, and each of them, in discriminating, retaliating and

17  terminating Plaintiff on the grounds of stated above, or for complaining about such discrimination,

18  retaliation and harassment, was wrongful and in contravention and violation of the express public

19  policy of the State of California; to wit, the policy set forth in California Government Code §12940

20  et seq., and the laws and regulations promulgated thereunder.

21      91.    At all times herein mentioned, the public policy of the State of California, as

22  codified, expressed and mandated in California Government Code §12940 was to prohibit

23  employers from discriminating, harassing, and retaliating against any individual based on

24  perceived and/or mental disability(s). This public policy of the State of California is designed to

25  protect all employees and to promote the welfare and well-being of the community at large.

26  Accordingly, the actions of Defendants, and each of them, in discriminating, retaliating and

27  terminating Plaintiff on the grounds of stated above, or for complaining about such discrimination,

28  retaliation and harassment, was wrongful and in contravention and violation of the express public

20

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

1  policy of the State of California, to wit, the policy set forth in California Government Code §12940
2  et seq., and the laws and regulations promulgated thereunder.

3      92.    At all times herein mentioned, the public policy of the State of California, as
4  codified, expressed and mandated in California Government Code §12945.2 was to prohibit
5  employers from discriminating and retaliating against any individual based on their taking,
6  requesting or needing Family Medical Leave.  This public policy of the State of California is
7  designed to protect all employees and to promote the welfare and well-being of the community at
8  large.  Accordingly, the actions of Defendants, and each of them, in discriminating, retaliating and
9  terminating Plaintiff on the grounds of stated above, or for complaining about such discrimination
10  and retaliation, was wrongful and in contravention and violation of the express public policy of the
11  State of California, to wit, the policy set forth in California Government Code §12945.2 et seq.,
12  and the laws and regulations promulgated thereunder.

13      93.    At all times herein mentioned, the public policy of the State of California, as
14  codified, expressed and mandated in California Labor Code §923 was to prohibit employers from
15  discriminating and retaliating against any individual based on their asserting their right to legal
16  representation to negotiate terms and conditions of their employment and/or employment claim(s)
17  and/or during a employment dispute.  This public policy of the State of California is designed to
18  protect all employees and to promote the welfare and well-being of the community at large.
19  Accordingly, the actions of Defendants, and each of them, in discriminating, retaliating and
20  terminating Plaintiff on the grounds of stated above, or for complaining about such discrimination
21  and retaliation, was wrongful and in contravention and violation of the express public policy of the
22  State of California, to wit, the policy set forth in California Labor Code §923 et seq., and the laws
23  and regulations promulgated thereunder.

24      94.    At all times herein mentioned, the public policy of the State of California, as
25  codified, expressed and mandated in California Labor Code §132a was to prohibit employers from
26  discriminating and retaliating against any individual based on their making and/or articulating a
27  Worker's Compensation claim(s).  This public policy of the State of California is designed to
28  protect all employees and to promote the welfare and well-being of the community at large.

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

1  Accordingly, the actions of Defendants, and each of them, in discriminating, retaliating and
2  terminating Plaintiff on the grounds of stated above, or for complaining about such discrimination
3  and retaliation, was wrongful and in contravention and violation of the express public policy of the
4  State of California, to wit, the policy set forth in California Labor Code §132a et seq., and the laws
5  and regulations promulgated thereunder.

6      95.    By the aforesaid acts and conduct of Defendants, and each of them, Plaintiff has
7  been directly and legally caused to suffer actual damages pursuant to California Civil Code §3333
8  including, but not limited to, loss of earnings and future earning capacity, medical and related
9  expenses for care and procedures both now and in the future, attorneys fees, and other pecuniary
10 loss not presently ascertained, for which Plaintiff will seek leave of court to amend when
11 ascertained.

12     96.    As a direct and legal result of the acts and omissions of Defendants, and each of
13 them, Plaintiff was rendered sick, sore, lame, disabled and disordered, both internally and
14 externally, and suffered, among other things, numerous internal injuries, severe fright, shock, pain,
15 discomfort and anxiety.  The exact nature and extent of said injuries are not known to the plaintiff,
16 who will pray leave of court to insert the same when they are ascertained.  Plaintiff does not at this
17 time know the exact duration or permanence of said injuries, but is informed and believes, and
18 thereon alleges, that some of the said injuries are reasonably certain to be permanent in character.

19     97.    As a further legal result of the acts and omissions of the Defendants, and each of
20 them, Plaintiff has been forced to incur expenses for medical care, X-rays, and laboratory costs
21 during the period of Plaintiff's disability, and is informed and believes, and thereon alleges, that
22 she will in the future be forced to incur additional expenses of the same nature, all in an amount
23 which is at present unknown.  Plaintiff will pray leave of court to show the exact amount of said
24 expenses at the time of trial.

25     98.    Prior to the occurrence of the incidents, Plaintiff was an able-bodied individual, but
26 since said incidents  has been unable to engage fully in Plaintiff's occupation, and is informed and
27 believes, and thereon alleges, that Plaintiff will be incapacitated and unable to perform Plaintiff's
28 usual work for an indefinite period of time in the future, all to Plaintiff's damage in an amount

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

1  which is at present unascertained. Plaintiff will pray leave of court to show the total amount of

2  loss of earnings at the time of trial.

3      99.    As a further direct and legal result of the acts and conduct of Defendants, as

4  aforesaid, Plaintiff has been caused, and did suffer, and continues to suffer severe and permanent

5  emotional and mental distress and anguish, humiliation, embarrassment, fright, shock, pain,

6  discomfort and anxiety.  The exact nature and extent of said injuries is presently unknown to

7  plaintiff, who will pray leave of court to assert the same when they are ascertained.

8      100.    Plaintiff has been generally damaged in an amount within the jurisdictional limits of

9  this court.

10     101.    The aforementioned acts of Defendants, and each of them, were wilful, wanton,

11 malicious, intentional, oppressive and despicable and were done in wilful and conscious disregard

12 of the rights, welfare and safety of plaintiff, and were done by managerial agents and employees of

13 Defendants and DOES 1 through 100, and with the express knowledge, consent, and ratification of

14 managerial agents and employees of Defendants and DOES 1 through 100, thereby justifying the

15 awarding of punitive and exemplary damages in an amount to be determined at the time of trial.

16     102.    As a result of the discriminatory acts of Defendants, and each of them, as alleged

17 herein, Plaintiff is entitled to reasonable attorneys' fees and costs of said suit as specifically

18 provided in California Code of Civil Procedure §1021.5.

19                          **VI.**

20                  <u>**SIXTH CAUSE OF ACTION**</u>

21      **(For Declaratory Relief Against All Defendants and DOES 1 -100, Inclusive)**

22     103.    Plaintiff incorporates herein by reference Paragraphs 1 through 102 as though set

23 forth in full herein.

24     104.    Depending on the outcome of this lawsuit via dispositive motion and ruling and/or a

25 trial and verdict in this matter, Plaintiff hereby requests this Court issue an affirmative and binding

26 Declaration of Rights and Duties pursuant to the recent ruling in *Harris v. City of Santa Monica*,

27 (2013) 56 C.4th 203, declaring that Defendants, and each of them, their successors, agents,

28 representatives, employees and all persons who acted alone, or in concert with said Defendants,

                              23

                  **PLAINTIFF'S COMPLAINT FOR DAMAGES**

1 and each of them, committed acts and conduct of harassment, discrimination, retaliation, or other

2 similar acts including, but not limited to, the violations alleged in all of the relevant Causes of

3 Action herein, and as proved and/or shown at the time of the ruling(s) and or verdict(s), and as

4 prohibited by the Fair Employment and Housing Act, California Government Code §§12900 -

5 12996, and any other applicable laws, cases, codes, regulations and statutes.

6      105.   At the time of the request for Declaratory Relief, there exists and/or will exist a

7 present and actual controversy among the parties.

8      106.   This Complaint, and the relevant causes of action herein, specifically plead an

9 actual, present controversy, and the facts of the respective and underlying claims.

10      107.   At the time of the request for Declaratory Relief, the facts of this case will have

11 congealed to the point that the Court can determine issues and grant relief through Declaratory

12 Relief and issue a decree of a conclusive character, with the force and effect of a Final Judgment.

13      108.   As a result of the wrongful acts of Defendants, and each of them, as alleged herein,

14 Plaintiff requests that this Court issue an Order and Ruling permanently enjoining Defendants, and

15 each of them, their successors, agents, representatives, employees and all persons who acted alone,

16 or in concert with said Defendants, and each of them, from committing acts and conduct of

17 harassment, discrimination, retaliation, or other similar acts including, but not limited to, the

18 violations alleged in all of the relevant Causes of Action herein, and as proved and/or shown at the

19 time of the ruling(s) and or verdict(s), and as prohibited by the Fair Employment and Housing Act,

20 California Government Code §§12900 - 12996, and any other applicable laws, cases, codes,

21 regulations and statutes.

22 / / /

23 / / /

24 / / /

25 / / /

26 / / /

27 / / /

28 / / /

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

109.    As a result of the wrongful conduct of Defendants, and each of them, as alleged herein, Plaintiff is entitled to reasonable attorneys' fees and costs of said suit as specifically provided in California Government Code § 12965(b) and as specifically mentioned in *Harris v. City of Santa Monica,* (2013) 56 C.4th 203.

**WHEREFORE,** Plaintiff **CHRISTINA ROCHA,** prays for judgment against the Defendants, and each of them, as follows:

1.    For general damages in an amount within the jurisdictional limits of this Court;

2.    For medical expenses and related items of expense, according to proof;

3.    For loss of earnings, according to proof;

4.    For loss of earning capacity, according to proof;

5.    For reasonable attorneys' fees and costs of said suit as specifically provided in California Government Code §12965 (b), according to proof;

6.    For reasonable attorneys' fees and costs of said suit as specifically provided in California Code of Civil Procedure §1021.5, according to proof;

7.    For a permanent injunction against Defendants, and each of them, their successors, agents, representatives, employees and all persons who acted alone, or in concert with said Defendants, and each of them, from committing acts and conduct of harassment, discrimination, retaliation, or other similar acts including, but not limited to, the violations alleged in all of the relevant Causes of Action herein, and as proved and/or shown at the time of the ruling(s) and or verdict(s), and as prohibited by the Fair Employment and Housing Act, California Government Code §§12900 - 12996, and any other applicable laws, cases, codes, regulations and statutes;

8.    For reasonable attorneys' fees and costs of said suit as specifically provided in California Government Code § 12965(b) and as specifically mentioned in *Harris v. City of Santa Monica,* (2013) 56 C.4th 203;

9.    For prejudgment interest according to proof;

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

1    10.    For punitive and exemplary damages, according to proof;

2    11.    For costs of suit incurred herein; and

3    12.    For such other and further relief as the court may deem just and proper.

4    Dated: August 8, 2019          MANCINI & ASSOCIATES
A Professional Law Corporation

By: _____
MARCUS A. MANCINI, ESQ.
Attorneys for Plaintiff
**CHRISTINA ROCHA**

## DEMAND FOR JURY TRIAL

Plaintiff CHRISTINA ROCHA hereby demands trial by jury.

Dated: August 8, 2019          MANCINI & ASSOCIATES
A Professional Law Corporation

By: _____
MARCUS A. MANCINI, ESQ.
Attorneys for Plaintiff
**CHRISTINA ROCHA**

26

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

# EXHIBIT "A"

**COMPLAINT OF EMPLOYMENT DISCRIMINATION
BEFORE THE STATE OF CALIFORNIA
DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING
Under the California Fair Employment and Housing Act
(Gov. Code, § 12900 et seq.)**

In the Matter of the Complaint of
CHRISTINA ROCHA                                      DFEH No. 201808-03228914

                                Complainant,

vs.

LEIDOS ENGINEERING, LLC
Building 471 North Naval Base
Port Hueneme, California 93043

LEIDOS ENGINEERING & SCIENCES, LLC
Building 471 North Naval Base
Port Hueneme, California 93043

                                Respondents

1. Respondent **LEIDOS ENGINEERING, LLC** is an employer subject to suit under the California Fair Employment and Housing Act (FEHA) (Gov. Code, § 12900 et seq.).

2. Complainant **CHRISTINA ROCHA**, resides in the City of **Sherman Oaks** State of **California.**

3. Complainant alleges that on or about **September 14, 2017,** respondent took the following adverse actions:

**Complainant was harassed** because of complainant's family care or medical leave (cfra) (employers of 50 or more people), disability (physical or mental).

**Complainant was discriminated against** because of complainant's family care or medical leave (cfra) (employers of 50 or more people), disability (physical or mental), other and as a result of the discrimination was terminated, denied hire or promotion, reprimanded, denied or forced transfer, asked impermissible non-job-related questions, denied a work environment free of discrimination and/or retaliation, denied any employment benefit or privilege, denied reasonable accommodation for a

-1-

Date Filed: August 14, 2018

1  disability, denied family care or medical leave (cfra) (employers of 50 or more
2  people), other, denied work opportunities or assignments.

3  **Complainant experienced retaliation** because complainant reported or resisted
   any form of discrimination or harassment, participated as a witness in a
4  discrimination or harassment claim, requested or used california family rights act or
   fmla, requested or used a disability-related accommodation and as a result was
5  terminated, denied hire or promotion, reprimanded, denied or forced transfer, asked
   impermissible non-job-related questions, denied a work environment free of
6  discrimination and/or retaliation, denied any employment benefit or privilege, failed
   to give equal considerations in making employment decisions, denied reasonable
7  accommodation for a disability, denied family care or medical leave (cfra)
8  (employers of 50 or more people).

9

10 **Additional Complaint Details:** From 4/2015, and continuing at least through
   9/14/17, and continuing, I was harassed, discriminated against and retaliated against
11 based on my perceived and/or physical disability(s) (neck injuries, bilateral shoulder
   injuries; bilateral wrist injuries; bilateral elbow injuries; associated conditions; others)
12 and my perceived and/or mental disability(s) (anxiety; depression; associated
   conditions; others).

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

-2-
*Complaint – DFEH No. 201808-03228914*

28 Date Filed: August 14, 2018

1  VERIFICATION

2  I, **Marcus A. Mancini, Esq.**, am the **Attorney** in the above-entitled complaint. I have
3  read the foregoing complaint and know the contents thereof. The matters alleged are
   based on information and belief, which I believe to be true.

4
   On August 14, 2018, I declare under penalty of perjury under the laws of the State of
5  California that the foregoing is true and correct.

6                                                              Sherman Oaks, CA

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27                                    -3-
                     Complaint – DFEH No. 201808-03228914
28  Date Filed: August 14, 2018

# EXHIBIT "B"



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**
2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
(800) 884-1684 | TDD (800) 700-2320
http://www.dfeh.ca.gov | email: contact.center@dfeh.ca.gov

GOVERNOR EDMUND G. BROWN JR.
DIRECTOR KEVIN KISH

August 14, 2018

CHRISTINA ROCHA
c/o Mancini & Associates 15303 Ventura Boulevard Suite 600
Sherman Oaks, California 91403

RE:    **Notice of Case Closure and Right to Sue**
       DFEH Matter Number: 201808-03228914
       Right to Sue: ROCHA / LEIDOS ENGINEERING, LLC et al,

Dear CHRISTINA ROCHA,

This letter informs you that the above-referenced complaint was filed with the Department of Fair Employment and Housing (DFEH) has been closed effective August 14, 2018 because an immediate Right to Sue notice was requested. DFEH will take no further action on the complaint.

This letter is also your Right to Sue notice. According to Government Code section 12965, subdivision (b), a civil action may be brought under the provisions of the Fair Employment and Housing Act against the person, employer, labor organization or employment agency named in the above-referenced complaint. The civil action must be filed within one year from the date of this letter.

To obtain a federal Right to Sue notice, you must contact the U.S. Equal Employment Opportunity Commission (EEOC) to file a complaint within 30 days of receipt of this DFEH Notice of Case Closure or within 300 days of the alleged discriminatory act, whichever is earlier.

Sincerely,

Department of Fair Employment and Housing



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency                    GOVERNOR EDMUND G. BROWN JR.
                                                                                        DIRECTOR KEVIN KISH
**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**
2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
(800) 884-1684 | TDD (800) 700-2320
http://www.dfeh.ca.gov | email: contact.center@dfeh.ca.gov

August 14, 2018

RE:  **Notice of Filing of Discrimination Complaint**
     DFEH Matter Number: 201808-03228914
     Right to Sue: ROCHA / LEIDOS ENGINEERING, LLC et al.

To All Respondent(s):

Enclosed is a copy of a complaint of discrimination that has been filed with the
Department of Fair Employment and Housing (DFEH) in accordance with Government
Code section 12960. This constitutes service of the complaint pursuant to Government
Code section 12962. The complainant has requested an authorization to file a lawsuit.
This case is not being investigated by DFEH and is being closed immediately. A copy of
the Notice of Case Closure and Right to Sue is enclosed for your records.

Please refer to the attached complaint for a list of all respondent(s) and their contact
information.

No response to DFEH is requested or required.

Sincerely,


Department of Fair Employment and Housing

**COMPLAINT OF EMPLOYMENT DISCRIMINATION
BEFORE THE STATE OF CALIFORNIA
DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING
Under the California Fair Employment and Housing Act
(Gov. Code, § 12900 et seq.)**

In the Matter of the Complaint of
CHRISTINA ROCHA                                        DFEH No. 201808-03228914

                              Complainant,

vs.

LEIDOS ENGINEERING, LLC
Building 471 North Naval Base
Port Hueneme, California 93043

LEIDOS ENGINEERING & SCIENCES, LLC
Building 471 North Naval Base
Port Hueneme, California 93043

                              Respondents

1. Respondent **LEIDOS ENGINEERING, LLC** is an **employer** subject to suit under the California Fair Employment and Housing Act (FEHA) (Gov. Code, § 12900 et seq.).

2. Complainant **CHRISTINA ROCHA**, resides in the City of **Sherman Oaks** State of **California.**

3. Complainant alleges that on or about **September 14, 2017,** respondent took the following adverse actions:

**Complainant was harassed** because of complainant's family care or medical leave (cfra) (employers of 50 or more people), disability (physical or mental).

**Complainant was discriminated against** because of complainant's family care or medical leave (cfra) (employers of 50 or more people), disability (physical or mental), other and as a result of the discrimination was terminated, denied hire or promotion, reprimanded, denied or forced transfer, asked impermissible non-job-related questions, denied a work environment free of discrimination and/or retaliation, denied any employment benefit or privilege, denied reasonable accommodation for a

Date Filed: August 14, 2018

1   disability; denied family care or medical leave (cfra) (employers of 50 or more
2   people), other, denied work opportunities or assignments.

3   **Complainant experienced retaliation** because complainant reported or resisted
4   any form of discrimination or harassment, participated as a witness in a
    discrimination or harassment claim, requested or used california family rights act or
5   fmla, requested or used a disability-related accommodation and as a result was
    terminated, denied hire or promotion, reprimanded, denied or forced transfer, asked
6   impermissible non-job-related questions, denied a work environment free of
7   discrimination and/or retaliation, denied any employment benefit or privilege, failed
    to give equal considerations in making employment decisions, denied reasonable
8   accommodation for a disability, denied family care or medical leave (cfra)
    (employers of 50 or more people).

9

10  **Additional Complaint Details:** From 4/2015, and continuing at least through
    9/14/17, and continuing, I was harassed, discriminated against and retaliated against
11  based on my perceived and/or physical disability(s) (neck injuries, bilateral shoulder
    injuries; bilateral wrist injuries; bilateral elbow injuries; associated conditions; others)
12  and my perceived and/or mental disability(s) (anxiety; depression; associated
    conditions; others).

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27                                    -2-
                    Complaint – DFEH No. 201808-032289.14

28  Date Filed: August 14, 2018

1  VERIFICATION

2  I, **Marcus A. Mancini, Esq.**, am the **Attorney** in the above-entitled complaint.  I have
3  read the foregoing complaint and know the contents thereof.  The matters alleged are
   based on information and belief, which I believe to be true.

4  On August 14, 2018, I declare under penalty of perjury under the laws of the State of
5  California that the foregoing is true and correct.

6                                                                     **Sherman Oaks, CA**

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27                                              -3-
                        *Complaint - DFEH No. 201808-03228914*

28  Date Filed: August 14, 2018

PROOF OF SERVICE

STATE OF CALIFORNIA      )
                         )  ss.
COUNTY OF LOS ANGELES    )

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is 15303 Ventura Boulevard, Suite 600, Sherman Oaks, California 91403.

On **August 16, 2018**, I served the foregoing document described as **RIGHT-TO-SUE NOTICE and COMPLAINT OF DISCRIMINATION UNDER THE PROVISIONS OF THE CALIFORNIA FAIR EMPLOYMENT AND HOUSING ACT** on the interested party or parties in this action by certified mail, placing a true copy thereof enclosed in a sealed envelope addressed as follows:

SEE ATTACHED MAILING LIST

I caused such envelope with postage thereon fully prepaid to be placed in the United States mail at Sherman Oaks, California.

Executed on August 16, 2018, at Sherman Oaks, California.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

HERMINA AVAKIAN

## MAILING LIST

1

2
Leidos Engineering, LLC
3
Building 471 North Naval Base
Port Hueneme, CA 93043
4

5
Leidos Engineering, LLC
c/o CT Corporation
6
818 W. 7th Street, Suite 930
Los Angeles, CA 90017
7

8
Leidos Engineering & Sciences, LLC
Building 471 North Naval Base
9
Port Hueneme, CA 93043

10
Leidos Engineering & Sciences, LLC
11
c/o CT Corporation
818 W. 7th Street, Suite 930
12
Los Angeles, CA 90017

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT B

JEFFREY P. FUCHSMAN, SBN 105651
jfuchsman@brgslaw.com
STEPHANIE B. KANTOR, SBN 272421
skantor@brgslaw.com
BALLARD ROSENBERG GOLPER & SAVITT, LLP
15760 Ventura Boulevard, Eighteenth Floor
Encino, California 91436
Telephone:    (818) 508-3700
Facsimile:    (818) 506-4827

Attorneys for Defendants LEIDOS
ENGINEERING, LLC and LEIDOS
ENGINEERING & SCIENCES, LLC

VENTURA
SUPERIOR COURT
**FILED**

SEP 24 2019

**MICHAEL D. PLANET**
Executive Officer and Clerk
BY:_____, Deputy
NINA LEMOS

VIA FAX

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**COUNTY OF VENTURA**

| | |
|---|---|
| CHRISTINA ROCHA,<br><br>    Plaintiff,<br><br>    vs.<br><br>LEIDOS ENGINEERING, LLC; LEIDOS ENGINEERING & SCIENCES, LLC; and DOES 1 through 100, Inclusive,<br><br>    Defendants. | Case No. 56-2019-00531709-CU-WT-VTA<br><br>*Hon. Kevin DeNoce, Dept. 43*<br><br>**ANSWER TO COMPLAINT**<br><br>Action Filed:    August 9, 2019<br>Trial Date:      None Set |

Defendants LEIDOS ENGINEERING, LLC and LEIDOS ENGINEERING & SCIENCES, LLC ("Defendants") hereby respond to the Complaint filed by Plaintiff CHRISTINA ROCHA ("Plaintiff"), and admit, deny, and allege as follows:

**GENERAL DENIAL**

Pursuant to Code of Civil Procedure section 431.30, Defendants deny generally and specifically each and every material allegation contained in the Complaint, and each and every alleged cause of action contained therein, and further specifically deny that Plaintiff has been injured in any sum therein alleged, or in any sum or sums, or at all.

/ / /

/ / /

BALLARD ROSENBERG GOLPER & SAVITT, LLP
15760 VENTURA BOULEVARD, EIGHTEENTH FLOOR
ENCINO, CALIFORNIA 91436

642698.1

1

**ANSWER TO COMPLAINT**

1

2

3

4

5

6

7

8

9

10

BALLARD ROSENBERG GOLPER & SAVITT, LLP
15760 VENTURA BOULEVARD, EIGHTEENTH FLOOR
ENCINO, CALIFORNIA 91436

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

#### [Failure to State Facts]

1.     The Complaint fails to state facts sufficient to constitute a cause of action or a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

#### [Good Faith]

2.     Any recovery on Plaintiff's Complaint is barred because every action taken by Defendants with respect to Plaintiff was undertaken with good cause, in good faith, or with a good faith belief that good cause existed for any of the disputed conduct or actions taken.

### THIRD AFFIRMATIVE DEFENSE

#### [Management Discretion]

3.     Any and all conduct of which Plaintiff complains was a just and proper exercise of management discretion, undertaken for fair and honest reasons and regulated by good faith under the circumstances that existed.

### FOURTH AFFIRMATIVE DEFENSE

#### [Estoppel]

4.     Plaintiff is estopped by her conduct from recovering any relief under the Complaint.

### FIFTH AFFIRMATIVE DEFENSE

#### [Unclean Hands]

5.     Any recovery on the Complaint is barred by the doctrine of unclean hands.

### SIXTH AFFIRMATIVE DEFENSE

#### [Waiver]

6.     Any recovery on the Complaint is barred by the doctrine of waiver.

### SEVENTH AFFIRMATIVE DEFENSE

#### [Laches]

7.     Any recovery on the Complaint is barred by the doctrine of laches.

/ / /

BALLARD ROSENBERG GOLPER & SAVITT, LLP
15760 VENTURA BOULEVARD, EIGHTEENTH FLOOR
ENCINO, CALIFORNIA 91436

**EIGHTH AFFIRMATIVE DEFENSE**

**[Statute of Limitations]**

8.    Any cause of action against Defendants is barred by the applicable statute of limitations, including, without limitation, Code Civ. Proc. §§ 335.1, 340(a), 338 and 339, and Govt. Code §§ 12960, 12965.

**NINTH AFFIRMATIVE DEFENSE**

**[No Discrimination, Harassment, Retaliation]**

9.    Defendants did not discriminate, harass or retaliate against Plaintiff for reasons which violate the California Fair Employment & Housing Act ("FEHA"), the California Family Rights Act ("CFRA") or public policy, and any and all decisions made by Defendants regarding Plaintiff's employment were based upon reasonable and lawful factors.

**TENTH AFFIRMATIVE DEFENSE**

**[Failure to Exhaust]**

10.    Plaintiff's Complaint is barred by Plaintiff's failure to exhaust the administrative requirements of the FEHA and CFRA, Govt. Code § 12900 *et seq*.

**ELEVENTH AFFIRMATIVE DEFENSE**

**[WCA Exclusive Remedy]**

11.    To the extent that Plaintiff's Complaint alleges emotional and/or physical injury, or retaliation for filing a workers' compensation claim, any recovery is barred on the grounds that the California Workers' Compensation Act, Labor Code §§ 132a and 3200, *et seq*., provides the exclusive remedy.

**TWELFTH AFFIRMATIVE DEFENSE**

**[Contributory Fault]**

12.    Any recovery on Plaintiff's Complaint is barred by Plaintiff's own contributory and/or comparative fault.

**THIRTEENTH AFFIRMATIVE DEFENSE**

**[Apportionment]**

13.    The liability of Defendants and responsible parties named or unnamed, if any, for

642698.1

3

1    any injury, damage, or loss sustained by Plaintiff should be apportioned according to their respective

2    degree of fault, and the liability if any, of Defendants should be reduced accordingly.

### FOURTEENTH AFFIRMATIVE DEFENSE

### [Civil Code § 1431]

14.    Liability for the amount of non-economic damages, if any, should be allocated to Defendants in direct proportion to their percentage of fault, if any, pursuant to Civil Code § 1431, *et seq.*

### FIFTEENTH AFFIRMATIVE DEFENSE

### [Legitimate Business Reasons]

15.    Any recovery on Plaintiff's Complaint is barred because at all times, all actions taken with regard to Plaintiff, were just, fair, honest, in good faith, privileged, without discrimination or retaliation, based on legitimate business reasons, and not as a pretext for illegal action.

### SIXTEENTH AFFIRMATIVE DEFENSE

### [After-Acquired Evidence]

16.    Any recovery on Plaintiff's Complaint is barred by the after-acquired evidence doctrine.

### SEVENTEENTH AFFIRMATIVE DEFENSE

### [Motivating Factor]

17.    Assuming Plaintiff can establish her alleged disability was a motivating factor for any employment action, Defendants would have taken the same action in the absence of Plaintiff's alleged disability.

### EIGHTEENTH AFFIRMATIVE DEFENSE

### [Undue Hardship]

18.    Any reasonable accommodation sought by Plaintiff would have posed an undue hardship to Defendants.

### NINETEENTH AFFIRMATIVE DEFENSE

### [Endangerment of Health and Safety]

19.    Plaintiff could not perform her essential duties in a manner that would not endanger

BALLARD ROSENBERG GOLPER & SAVITT, LLP
15760 VENTURA BOULEVARD, EIGHTEENTH FLOOR
ENCINO, CALIFORNIA 91436

642698.1

4

**ANSWER TO COMPLAINT**

her health or safety or the health or safety of others even with reasonable accommodations.

## TWENTIETH AFFIRMATIVE DEFENSE

### [Business Necessity]

20.     Any conduct alleged to be discriminatory was the result of business necessity.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

### [Avoidable Consequences]

21.     The Complaint is barred by the doctrine of avoidable consequences because Plaintiff failed to take reasonable steps to avoid any damages or harm Plaintiff now alleges.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

### [Mitigation]

22.     Any recovery on the Complaint is barred by Plaintiff's failure to mitigate damages.

## TWENTY-THREE AFFIRMATIVE DEFENSE

### [Improper Party]

23.     Any recovery on the Complaint is barred because Defendants were not the employer of Plaintiff, and are not proper parties to this lawsuit.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

### [Attorney's Fees]

24.     Defendants are entitled to recover all costs and attorney's fees incurred herein pursuant to Govt. Code § 12965 inasmuch as any and all of the claims alleged in the Complaint are frivolous, unreasonable or without foundation.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

### [Punitive Damages Violate Due Process and Equal Protection]

25.     The provisions of California law allowing for punitive damages and the substantive rules, procedures and standards for determining whether or not to award them and, if so, in what amount, violate Defendants' rights to due process and equal protection under the law, under the United States and California Constitutions.

/ / /

/ / /

BALLARD ROSENBERG GOLPER & SAVITT, LLP
15760 VENTURA BOULEVARD, EIGHTEENTH FLOOR
ENCINO, CALIFORNIA 91436

642698.1

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

### [Federal Enclave Doctrine]

26.     Plaintiff's Complaint is barred by the Federal Enclave Doctrine.

Defendants reserve the right to add and/or amend subsequently discovered affirmative defenses.

**WHEREFORE**, Defendants pray as follows:

1.     Plaintiff take nothing by way of her Complaint;

2.     Defendants be awarded their attorney's fees and costs of suit incurred herein; and

3.     For such other and further relief as the Court deems just and proper.

DATED:  September 23, 2019            BALLARD ROSENBERG GOLPER & SAVITT, LLP


                                     By: _____
                                         JEFFREY P. FUCHSMAN
                                     Attorneys for Defendants LEIDOS ENGINEERING,
                                     LLC and LEIDOS ENGINEERING & SCIENCES,
                                     LLC

BALLARD ROSENBERG GOLPER & SAVITT, LLP
15760 VENTURA BOULEVARD, EIGHTEENTH FLOOR
ENCINO, CALIFORNIA 91436

642698.1

6

**ANSWER TO COMPLAINT**

**PROOF OF SERVICE**

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

I am employed in the County of Los Angeles, State of California. I am over the age of eighteen years and not a party to the within action; my business address is 15760 Ventura Boulevard, Eighteenth Floor, Encino, CA 91436.

On September 23, 2019, I served true copies of the following document(s) described as **ANSWER TO COMPLAINT,** on the interested parties in this action as follows:

*Attorneys for Plaintiff CHRISTINA ROCHA*

Marcus A. Mancini, Esq.
Tara J. Licata, Esq.
Armando M. Solorzano, Esq.
Pamela A. Triplett, Esq.
MANCINI & ASSOCIATES
15303 Ventura Blvd., Suite 600
Sherman Oaks, CA 91403
Telephone: (818) 783-5757
Complaintsimile: (818) 783-7710
Email: tlicata@mamlaw.net
      asolorzano@mamlaw.net
      ptriplett@manlaw.net

**BY MAIL:** I enclosed the document(s) in a sealed envelope or package addressed to the persons at the addresses listed in the Service List. I am "readily familiar" with Ballard Rosenberg Golper & Savitt, LLP's practice for collecting and processing correspondence for mailing with the United States Postal Service. Under that practice, it would be deposited with the United States Postal Service that same day in the ordinary course of business. Such envelope(s) were placed for collection and mailing with postage thereon fully prepaid at Encino, California, on that same day following ordinary business practices.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on September 23, 2019, at Encino, California.

_____
Lisa Chiarella

BALLARD ROSENBERG GOLPER & SAVITT, LLP
15760 VENTURA BOULEVARD, EIGHTEENTH FLOOR
ENCINO, CALIFORNIA 91436

642698.1

# EXHIBIT C

---

CM-010

**CIVIL CASE COVER SHEET**

# SUPERIOR COURT OF CALIFORNIA
# COUNTY OF VENTURA

800 South Victoria Avenue
Ventura , CA 93009
(805) 289-8525
WWW.VENTURA.COURTS.CA.GOV

## NOTICE OF CASE ASSIGNMENT AND MANDATORY APPEARANCE

Case Number: 56-2019-00531709-CU-WT-VTA

Your case has been assigned for all purposes to the judicial officer indicated below.

**A copy of this Notice of Case Assignment and Mandatory Appearance shall be served by the filing party on all named Defendants/Respondents with the Complaint or Petition, and with any Cross-Complaint or Complaint in Intervention that names a new party to the underlying action.**

| ASSIGNED JUDICIAL OFFICER | COURT LOCATION | DEPT/ROOM |
|---|---|---|
| Hon. Kevin DeNoce | Ventura | 43 |

**HEARING**  MANDATORY APPEARANCE CMC/Order to Show Cause Re Sanctions/Dismissal for Failure to File Proof of Service/Default

| EVENT DATE | EVENT TIME | EVENT DEPT/ROOM |
|---|---|---|
| 01/10/2020 | 08:15 AM | 22B |

## SCHEDULING INFORMATION

**Judicial Scheduling Information**

**AT THE ABOVE HEARING IS MANDATORY.**
Each party must file a Case Management Statement no later than 15 calendar days prior to the hearing and serve it on all parties. If your Case Management Statement is untimely, it may NOT be considered by the court (CRC 3.725).
If proof of service and/or request for entry of default have not been filed: At the above hearing you are ordered to show cause why you should not be compelled to pay sanctions and/or why your case should not be dismissed (CCP 177.5, Local Rule 3.17).

**Advance Jury Fee Requirement**
At least one party demanding a jury trial on each side of a civil case must pay a non-refundable jury fee of $150. The non-refundable jury fee must be paid timely pursuant to Code of Civil Procedure section 631.

**Noticed Motions/Ex Parte Matters**
To set an ex parte hearing, contact the judicial secretary in the assigned department. Contact the clerk's office to reserve a date for a law and motion matter.

**Telephonic Appearance**
Telephonic appearance at the Case Management Conference is permitted pursuant to CRC 3.670. In addition, see Local Rule 7.01 regarding notice to the teleconference provider. The court, through the teleconference provider, will contact all parties and counsel prior to the hearing.

Date:  08/09/2019

Clerk of the Court,

By: *Susanne Leon*

Susanne Leon, Clerk

VEN-FNR082

## NOTICE OF CASE ASSIGNMENT AND MANDATORY APPEARANCE

Ventura Superior Court Accepted through eDelivery submitted 08-09-2019 at 10:10:09 AM

**PROOF OF SERVICE**

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

I am employed in the County of Los Angeles, State of California. I am over the age of eighteen years and not a party to the within action; my business address is 15760 Ventura Boulevard, Eighteenth Floor, Encino, CA 91436.

On September 26, 2019, I served true copies of the following document(s) described as **NOTICE OF REMOVAL; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATIONS OF RAMUNE KLIGYS AND LISA VASQUEZ,** on the interested parties in this action as follows:

*Attorneys for Plaintiff CHRISTINA ROCHA*

Marcus A. Mancini, Esq.
Tara J. Licata, Esq.
Armando M. Solorzano, Esq.
Pamela A. Triplett, Esq.
MANCINI & ASSOCIATES
15303 Ventura Blvd., Suite 600
Sherman Oaks, CA 91403
Telephone: (818) 783-5757
Facsimile: (818) 783-7710
Email:    tlicata@mamlaw.net
          asolorzano@mamlaw.net
          ptriplett@manlaw.net

**BY MAIL:** I enclosed the document(s) in a sealed envelope or package addressed to the persons at the addresses listed in the Service List. I am "readily familiar" with Ballard Rosenberg Golper & Savitt, LLP's practice for collecting and processing correspondence for mailing with the United States Postal Service. Under that practice, it would be deposited with the United States Postal Service that same day in the ordinary course of business. Such envelope(s) were placed for collection and mailing with postage thereon fully prepaid at Encino, California, on that same day following ordinary business practices.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on September 26, 2019, at Encino, California.

_____
Lisa Chiarella

BALLARD ROSENBERG GOLPER & SAVITT, LLP
15760 VENTURA BOULEVARD, EIGHTEENTH FLOOR
ENCINO, CALIFORNIA 91436

641880.1