VENTURA SUPERIOR COURT
FILED
SEP 24 2019
MICHAEL D. PLANET
Executive Officer and Clerk
BY:_____, Deputy
NINA LEMOS

VIA FAX

1 | JEFFREY P. FUCHSMAN, SBN 105651
jfuchsman@brgslaw.com
2 | STEPHANIE B. KANTOR, SBN 272421
skantor@brgslaw.com
3 | BALLARD ROSENBERG GOLPER & SAVITT, LLP
15760 Ventura Boulevard, Eighteenth Floor
4 | Encino, California 91436
Telephone:  (818) 508-3700
5 | Facsimile:  (818) 506-4827

6 | Attorneys for Defendants LEIDOS
ENGINEERING, LLC and LEIDOS
7 | ENGINEERING & SCIENCES, LLC

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF VENTURA

| | |
|---|---|
| CHRISTINA ROCHA,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>LEIDOS ENGINEERING, LLC; LEIDOS ENGINEERING & SCIENCES, LLC; and DOES 1 through 100, Inclusive,<br><br>　　　　Defendants. | Case No. 56-2019-00531709-CU-WT-VTA<br><br>Hon. Kevin DeNoce, Dept. 43<br><br>**ANSWER TO COMPLAINT**<br><br>Action Filed:　August 9, 2019<br>Trial Date:　　None Set |

　　　　Defendants LEIDOS ENGINEERING, LLC and LEIDOS ENGINEERING & SCIENCES, LLC ("Defendants") hereby respond to the Complaint filed by Plaintiff CHRISTINA ROCHA ("Plaintiff"), and admit, deny, and allege as follows:

### GENERAL DENIAL

　　　　Pursuant to Code of Civil Procedure section 431.30, Defendants deny generally and specifically each and every material allegation contained in the Complaint, and each and every alleged cause of action contained therein, and further specifically deny that Plaintiff has been injured in any sum therein alleged, or in any sum or sums, or at all.

/ / /

/ / /

642698.1

1

**ANSWER TO COMPLAINT**

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

### [Failure to State Facts]

1. The Complaint fails to state facts sufficient to constitute a cause of action or a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

### [Good Faith]

2. Any recovery on Plaintiff's Complaint is barred because every action taken by Defendants with respect to Plaintiff was undertaken with good cause, in good faith, or with a good faith belief that good cause existed for any of the disputed conduct or actions taken.

### THIRD AFFIRMATIVE DEFENSE

### [Management Discretion]

3. Any and all conduct of which Plaintiff complains was a just and proper exercise of management discretion, undertaken for fair and honest reasons and regulated by good faith under the circumstances that existed.

### FOURTH AFFIRMATIVE DEFENSE

### [Estoppel]

4. Plaintiff is estopped by her conduct from recovering any relief under the Complaint.

### FIFTH AFFIRMATIVE DEFENSE

### [Unclean Hands]

5. Any recovery on the Complaint is barred by the doctrine of unclean hands.

### SIXTH AFFIRMATIVE DEFENSE

### [Waiver]

6. Any recovery on the Complaint is barred by the doctrine of waiver.

### SEVENTH AFFIRMATIVE DEFENSE

### [Laches]

7. Any recovery on the Complaint is barred by the doctrine of laches.

///

## EIGHTH AFFIRMATIVE DEFENSE

### [Statute of Limitations]

8. Any cause of action against Defendants is barred by the applicable statute of limitations, including, without limitation, Code Civ. Proc. §§ 335.1, 340(a), 338 and 339, and Govt. Code §§ 12960, 12965.

## NINTH AFFIRMATIVE DEFENSE

### [No Discrimination, Harassment, Retaliation]

9. Defendants did not discriminate, harass or retaliate against Plaintiff for reasons which violate the California Fair Employment & Housing Act ("FEHA"), the California Family Rights Act ("CFRA") or public policy, and any and all decisions made by Defendants regarding Plaintiff's employment were based upon reasonable and lawful factors.

## TENTH AFFIRMATIVE DEFENSE

### [Failure to Exhaust]

10. Plaintiff's Complaint is barred by Plaintiff's failure to exhaust the administrative requirements of the FEHA and CFRA, Govt. Code § 12900 *et seq*.

## ELEVENTH AFFIRMATIVE DEFENSE

### [WCA Exclusive Remedy]

11. To the extent that Plaintiff's Complaint alleges emotional and/or physical injury, or retaliation for filing a workers' compensation claim, any recovery is barred on the grounds that the California Workers' Compensation Act, Labor Code §§ 132a and 3200, *et seq.*, provides the exclusive remedy.

## TWELFTH AFFIRMATIVE DEFENSE

### [Contributory Fault]

12. Any recovery on Plaintiff's Complaint is barred by Plaintiff's own contributory and/or comparative fault.

## THIRTEENTH AFFIRMATIVE DEFENSE

### [Apportionment]

13. The liability of Defendants and responsible parties named or unnamed, if any, for

any injury, damage, or loss sustained by Plaintiff should be apportioned according to their respective degree of fault, and the liability if any, of Defendants should be reduced accordingly.

### FOURTEENTH AFFIRMATIVE DEFENSE

#### [Civil Code § 1431]

14. Liability for the amount of non-economic damages, if any, should be allocated to Defendants in direct proportion to their percentage of fault, if any, pursuant to Civil Code § 1431, *et seq.*

### FIFTEENTH AFFIRMATIVE DEFENSE

#### [Legitimate Business Reasons]

15. Any recovery on Plaintiff's Complaint is barred because at all times, all actions taken with regard to Plaintiff, were just, fair, honest, in good faith, privileged, without discrimination or retaliation, based on legitimate business reasons, and not as a pretext for illegal action.

### SIXTEENTH AFFIRMATIVE DEFENSE

#### [After-Acquired Evidence]

16. Any recovery on Plaintiff's Complaint is barred by the after-acquired evidence doctrine.

### SEVENTEENTH AFFIRMATIVE DEFENSE

#### [Motivating Factor]

17. Assuming Plaintiff can establish her alleged disability was a motivating factor for any employment action, Defendants would have taken the same action in the absence of Plaintiff's alleged disability.

### EIGHTEENTH AFFIRMATIVE DEFENSE

#### [Undue Hardship]

18. Any reasonable accommodation sought by Plaintiff would have posed an undue hardship to Defendants.

### NINETEENTH AFFIRMATIVE DEFENSE

#### [Endangerment of Health and Safety]

19. Plaintiff could not perform her essential duties in a manner that would not endanger

her health or safety or the health or safety of others even with reasonable accommodations.

## TWENTIETH AFFIRMATIVE DEFENSE

### [Business Necessity]

20. Any conduct alleged to be discriminatory was the result of business necessity.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

### [Avoidable Consequences]

21. The Complaint is barred by the doctrine of avoidable consequences because Plaintiff failed to take reasonable steps to avoid any damages or harm Plaintiff now alleges.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

### [Mitigation]

22. Any recovery on the Complaint is barred by Plaintiff's failure to mitigate damages.

## TWENTY-THREE AFFIRMATIVE DEFENSE

### [Improper Party]

23. Any recovery on the Complaint is barred because Defendants were not the employer of Plaintiff, and are not proper parties to this lawsuit.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

### [Attorney's Fees]

24. Defendants are entitled to recover all costs and attorney's fees incurred herein pursuant to Govt. Code § 12965 inasmuch as any and all of the claims alleged in the Complaint are frivolous, unreasonable or without foundation.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

### [Punitive Damages Violate Due Process and Equal Protection]

25. The provisions of California law allowing for punitive damages and the substantive rules, procedures and standards for determining whether or not to award them and, if so, in what amount, violate Defendants' rights to due process and equal protection under the law, under the United States and California Constitutions.

///

///

642698.1

5

ANSWER TO COMPLAINT

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

### [Federal Enclave Doctrine]

26. Plaintiff's Complaint is barred by the Federal Enclave Doctrine.

Defendants reserve the right to add and/or amend subsequently discovered affirmative defenses.

**WHEREFORE**, Defendants pray as follows:

1. Plaintiff take nothing by way of her Complaint;
2. Defendants be awarded their attorney's fees and costs of suit incurred herein; and
3. For such other and further relief as the Court deems just and proper.

DATED: September 23, 2019        BALLARD ROSENBERG GOLPER & SAVITT, LLP


By: _____
    JEFFREY P. FUCHSMAN
    Attorneys for Defendants LEIDOS ENGINEERING, LLC and LEIDOS ENGINEERING & SCIENCES, LLC

642698.1

6

**ANSWER TO COMPLAINT**

**PROOF OF SERVICE**

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California. I am over the age of eighteen years and not a party to the within action; my business address is 15760 Ventura Boulevard, Eighteenth Floor, Encino, CA 91436.

On September 23, 2019, I served true copies of the following document(s) described as **ANSWER TO COMPLAINT,** on the interested parties in this action as follows:

*Attorneys for Plaintiff CHRISTINA ROCHA*

Marcus A. Mancini, Esq.
Tara J. Licata, Esq.
Armando M. Solorzano, Esq.
Pamela A. Triplett, Esq.
MANCINI & ASSOCIATES
15303 Ventura Blvd., Suite 600
Sherman Oaks, CA 91403
Telephone: (818) 783-5757
Complaintsimile: (818) 783-7710
Email: tlicata@mamlaw.net
asolorzano@mamlaw.net
ptriplett@manlaw.net

**BY MAIL:** I enclosed the document(s) in a sealed envelope or package addressed to the persons at the addresses listed in the Service List. I am "readily familiar" with Ballard Rosenberg Golper & Savitt, LLP's practice for collecting and processing correspondence for mailing with the United States Postal Service. Under that practice, it would be deposited with the United States Postal Service that same day in the ordinary course of business. Such envelope(s) were placed for collection and mailing with postage thereon fully prepaid at Encino, California, on that same day following ordinary business practices.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on September 23, 2019, at Encino, California.

*Lisa Chiarella*
Lisa Chiarella

642698.1

**PROOF OF SERVICE**